## 8437

### HERLONG v. SOUTHERN STATES LUMBER CO.

1. CONTRACTS—PAROL EVIDENCE.—Where a written contract refers to a conversation or understanding, such conversation or understanding is a part of the contract and must be proved by parol to make the contract complete.
2. IBID.—PLEADINGS—REPLY.—Where a defendant in a suit for salary charges the plaintiff breached the contract of employment, but does not allege in what particulars, it is strictly in reply for plaintiff, after defendant has put in evidence of alleged breaches, to testify as to why he did the things claimed by defendant by his proof to be breaches.

Before COPES, J., Barnwell, March term, 1912. Affirmed.

Action by H. W. Herlong against Southern States Lumber Company. Defendant appeals.

*Messrs. Bates & Simms, Mordecai & Gadsden, Rutledge & Hagood,* for appellant.

*Mr. J. O. Patterson,* contra, cites: *When a contract is partly verbal and partly written, the verbal part may be shown by parol:* 61 S. C. 169; 66 S. C. 61; 81 S. C. 547. *Evidence of plaintiff strictly in reply:* 79 S. C. 124; 43 S. C. 99.

February 15, 1913,    The opinion of the Court was delivered by

MR. JUSTICE FRASER.    This was an action by the plaintiff-respondent to recover six months' salary alleged to be due by the defendant-appellant.

The plaintiff alleged that he had a contract with defendant to manage its mill and wood operations near Dunbarton, in this State, at an agreed salary of three thousand dollars per annum, payable monthly, in installments of two hundred and fifty dollars.    The contract was made on the 4th day of May, 1910, and on the 10th day of November, 1910, the defendant discharged the plaintiff.    The answer contained a general denial for a first defense.    The second defense is as follows:

2. "That the plaintiff was in the employ of the defendant and upon the 10th day of November, 1910, the employment was terminated by defendant, the plaintiff's service being no longer desirable, he having failed throughout in the performance of his duties under said employment, and since said termination, if plaintiff has been idle, it has not been through any fault of this defendant, but by reason of plaintiff's fault or misfortune, he having become incapacitated for labor by reason of illness or otherwise."

The jury found for the plaintiff for fifteen hundred dollars, but the verdict was reduced by the presiding Judge to allow credit to the defendant for some time, about two weeks, when the plaintiff was sick and could not work. Judgment was rendered for the reduced amount and the defendant appealed.

There are three exceptions which will be considered in their order:

Exception 1. "Because his Honor erred in permitting plaintiff to testify orally as to a contract and to the interlocution occuring previous to the execution of the written contract, it being admitted that there was a written contract; whereas, his Honor should have held that the written con-

ract was the only contract in the case, except such oral enlargement of the same which may have been made subsequent to the execution of the said written contract."

When the plaintiff was on the stand, he was asked if the contract was in writing. He answered that it was partly in writing and partly verbal. The defendant introduced the following:

"Southern States Lumber Co., Pittsburg, Pa.

"Mr. H. W. Herlong, Dunbarton, S. C. Dear Sir: The writer returned home this morning, and after conferring with Mr. Flint and Mr. Erving concerning our proposed deal with you, we have decided to accept your proposition, which was to accept the managership of this property, having charge of mill and woods operation, under the general direction of the officers of the company in Pittsburg, for one year, at a salary of $250 per month. The administration of the company's affairs to be along the lines which I talked of with you when at Dunbarton on Saturday.

"I will be glad to have you report to Dunbarton promptly and take charge of affairs there, and will write you more fully regarding various matters that will need attention there tomorrow. I have written this letter in duplicate, and if you will kindly endorse on one copy of it your acceptance of the arrangement, I believe that is all that will be necessary to show the nature of our agreement.

"I enclose you a letter directed to Mr. Lowe, advising him of the closing of our arrangement with him and instructing him to turn over the direction of affairs to you. Mr. Lowe stated he was willing to remain at Dunbarton for another month, until you got thoroughly settled in the saddle, and I have no doubt his assistance will be of considerable value to you.

"It likely will be a couple of weeks before any of us can get down again, although I will try to have Mr. Gilliland, whose advice we followed largely in settling on the plans for the new mill, go down and go over same with you, so

that, as far as possible, you can work in harmony with these plans in the erection of the mill.   Yours truly, Southern States Lumber Co.   (Signed) E. H. Stoner, treasurer.

"The communication on other side is concurred in and accepted.   (Signed) H. W. Herlong.   Dunbarton, S. C., May 4, 1910."

The defendant moves to exclude all parol evidence in reference to the contract.

The general rule is undoubtedly that where there is a written contract parol evidence is excluded.   There are exceptions and this is one of them.   Where a written contract refers to a verbal contract or understanding, then that verbal contract or understanding is a part of the contract and must of necessity be proven before the whole contract is before the Court.   The proof or that part that is by parol is of necessity by parol.

The written contract says: "The administration of the company's affairs to be along the lines which I talked of with you when at Dunbarton on Saturday."

The talk at Dunbarton was adopted as a part of the contract, and, of course, could be proved only by parol.

This exception is overruled.

The second exception is as follows: "Because his Honor erred in permitting testimony on the part of the plaintiff in reply, tending to prove a different state of facts than that advertised in the pleadings in this—that under the complaint plaintiff alleged a performance of his contract, which defendant in its answer denied, and the witnesses for the defendant were summoned and were present to testify upon the pleadings as made up, and when the plaintiff was allowed to testify in reply, over defendant's objection that plaintiff had not complied with his contract as alleged in his complaint, and excused his noncompliance upon the ground that defendant has authorized him in so failing, such testimony was not in reply and took the defendant by surprise."

The defendant did not advise the plaintiff in his answer as to the particulars in which he had failed to carry out the contract and so far as the case discloses the plaintiff learned, for the first time, during the trial how it was that the defendant claimed he had broken the contract. It was in strict reply for the plaintiff to say at his first opportunity in the orderly conduct of the case, I did some of the things complained of under the direction of my superior officers and under the direction of the very agent of the defendant who employed me and was entrusted by the defendant to sign the contract in its name, as provided for in the contract.

This exception is overruled.

Exception 3: "Because his Honor erred in refusing a motion for a new trial upon the minutes; whereas, he should have held that defendant was entitled to a new trial, for the reason that defendant had been surprised in having an entirely new issue presented on the reply testimony of the plaintiff, not advertised in the pleadings."

What has been said under the second exception applied here, and this exception is overruled.

The judgment of this Court is that the judgment appealed from is affirmed.