9776

BERRY v. MARION COUNTY LUMBER CO.

(93 S. E. 328.)

1. Logs and Logging—Construction of Timber Deeds—Habendum Clause—"Premises."—A deed made pursuant to an option lumber contract contained two habendum clauses, which read "To have and to hold, all the short straw, poplar and cypress on the said five tracts of land in said five options above described and named, together with all the rights and privileges, members, rights and privileges stipulated in said option to be given to the said Cape Fear Lumber Company, their successors and assigns." "To have and to hold all and singular, the said premises before mentioned unto the said Cape Fear Lumber Company, their successors and assigns forever." *Held,* that as the term "premises" is used as embracing all that part of the deed which precedes the habendum and is the proper technical sense of the term as used in conveyances, and as the deed refers to the option contract giving a limited time within which to cut and remove the timber, a second habendum clause conveyed only such privileges and rights as are set forth in the option, and not a fee in the timber.

2. Logs and Logging—Construction of Timber Deeds—Rule.—Where timber deed refers to another instrument for its terms, it takes both instruments to show the entire contract.

3. Infants—Sale of Property—Validity—Master's Deed.—In a proceeding on account of the infancy of a party in interest seeking the

aid of the Court to carry out the provisions of an option timber con-
tract, if the master had attempted to exceed his authority and convey
a fee in the timber, the excess over the rights and privileges as set
forth in the option would have been void.

4. LOGS AND LOGGING—MASTER'S TIMBER DEED—ACTION TO DETERMINE
RIGHTS UNDER DEED.—A proceeding to declare that the rights under
a master's timber deed made in an action by the parties to carry out
the provisions of an option had expired, and to enjoin the exercise of
any further rights under the deed and for damages, is not a proceed-
ing to reform a deed.

5. LOGS AND LOGGING—TIMBER DEEDS—TENDER OF PURCHASE PRICE.—
In an action to declare that the rights under a master's deed executed
pursuant to a timber option had expired, the return of the money
received as consideration for the deed was not necessary in the
absence of an attempt to reform the deed.

6. LOGS AND LOGGING—OPTION TIMBER CONTRACT—CONSTRUCTION—REA-
SONABLE TIME.—Where an option timber contract is silent as to when
the purchaser is to commence to cut the timber, the cutting and
removal must be within a reasonable time.

7. EVIDENCE—PAROL EVIDENCE VARYING WRITTEN AGREEMENTS.—While
an option timber contract speaks for itself and cannot be varied by
parol evidence as far as its contents are concerned, where it is silent
as to the time when the purchaser was to commence to cut the tim-
ber, the circumstances surrounding the parties at the time it was
made can be detailed, and anything that took place at that time
which would tend to show what the parties intended as to the time
in which the cutting was to commence would be competent to be con-
sidered for what it was worth.

8. LOGS AND LOGGING—OPTION TIMBER CONTRACT—DUTY OF PURCHASER.
—It was incumbent on the purchaser of timber under an option
contract to ascertain the facts and circumstances of the situation of
the parties when he purchased, and was charged with knowledge of
the proper legal construction of the contract as to the time when
the cutting should commence.

9. APPEAL AND ERROR—REVIEW—REVERSIBLE ERROR.—It is not reversible
error for a Judge to base his correct judgment on the wrong case
previously decided, the question being was the conclusion right, and
not, did the trial Judge assign the right reason or the right case
for it?

FOOTNOTE.—As to construction of the hebendum clause in connection
with premises in deed, see note in 8 A. & E. Ann. Cas. 444, and 21 L. R.
A. (N. S.) 575. Effect of reference to extrinsic document to control or
modify the character of the estate which would otherwise pass under the
instrument, see notes in 8 L. R. A. (N. S.) 1038.

Before SHIPP, J., Dillon, October, 1916.    Affirmed.

Action by Mary Ellen Berry against the Marion County Lumber Company.    Judgment for plaintiff, and defendant appeals.

*Messrs. Henry E. Davis* and *M. C. Woods,* for appellant, cite: *As to limitations in habendum clause of deed:* 10 Cyc. 1020; 24 Am. St. Rep. 19.    *Option merged in deed of conveyance:* 68 S. C. 387; 77 S. C. 187; 26 Fed. 594; 97 S. C. 294; 9 Cyc. 593, 594.    *Office of habendum clause:* 36 S. C. 295; 48 S. C. 341; 51 S. C. 555; 77 S. C. 171; 78 S. C. 187; 84 S. C. 428; 88 S. C. 296; 106 S. C. 304.    *Timber deeds:* 80 S. C. 106.    *Effect of master's deed on judicial sale:* Mechem Agency, sec. 1501.; 23 S. C. L. (Dud.) 254; 8 S. C. Eq. (Bail.) 13; 16 S. C. Eq. (McMul.) 190.    *Correction of mistake:* 94 S. C. 353.    *Estoppel:* 57 S. C. 267; 67 S. C. 432; 95 S. C. 328; 4 A. & E. Dec. in Eq. 277, 280, 289, 312, 314, 319, 326, 329, 338, 371.    *Reformation of deed:* 88 S. C. 300; 85 S. C. 472; 92 S. C. 305; 94 S. C. 349; 106 S. C. 346.    *Return of consideration prerequisite to cancellation of deed:* 52 S. C. 104; 56 S. C. 508; 97 S. C. 34; 6 Cyc. 306.    *Parol evidence to vary written contract:* 72 S. C. 368; 96 S. C. 8; 61 S. C. 393; 79 S. C. 134; 45 S. C. L. (11 Rich.) 471 and 621; 36 S. C. 544; 60 S. C. 400; 66 S. C. 109; 26 S. C. Eq. (5 Rich.) 170; 34 S. C. Eq. (13 Rich.) 250; 46 S. C. Eq. (12 Rich.) 176; 14 S. C. 334: 85 S. C. 84; distinguish 98 S. C. 128; 46 S. C. L. (12 Rich.) 314; 80 S. C. 106.

*Messrs. L. D. Lide* and *Henry Buck,* for respondent, cite: *As to construction of deed:* 102 S. C. 289; 89 S. C. 328.    *Deeds on judicial sales:* 36 S. C. 27; 37 S. C. 309; 72 S. C. 312.    *Parol evidence to show surrounding circumstances:* 98 S. C. 8; 3 S. C. 298; 220 Fed. 516.

July 17, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

J. E. Lide Berry, as administrator of the estate of Elihu Berry, executed to the Cape Fear Lumber Company, defendant's grantor, five options covering the timber on several tracts of land; the timber on the land described in the complaint being covered by one of them. These lands were owned by the children and grandchildren of Elihu Berry, some of whom were infants. The options provided for a limited time within which to cut and remove the timber. Inasmuch as there were minors in the case, it was necessary to ask the aid of the Court to convey their interests. The suit was brought to carry out the contract set out in the option. The whole proceeding was based on the terms set out in the option. The master's deed made in the case has been the source of trouble. The appellant claims that the master's deed conveys a fee to the timber, and the respondent claims that the deed merely conveys the interests covered by the option. This suit was brought to declare that the rights under the deed had expired, to enjoin the exercise of any further rights under the deed, and for damages. The defendant lost on Circuit. Hence this appeal.

There are two habendum clauses, which read:

"To have and to hold, all the short straw, poplar and cypress on the said five tracts of land in said five options above described and named, together with all the rights and privileges, members, rights and privileges stipulated in said option to be given to the said Cape Fear Lumber Company, their successors and assigns."

"To have and to hold all and singular, the said premises before mentioned unto the said Cape Fear Lumber Company, their successors and assigns forever."

1. The appellant claims that, as a deed progresses, the grantor may relinquish, in a subsequent clause, any rights

he may have reserved in former clauses, and that, under the application of this rule, the second habendum conveys a fee.   Even if that rule applies to a judicial sale, it would not avail the appellant here, inasmuch as the second habendum does not convey a fee.   The grantee is "to have and to hold all and singular the said premises."   What is the meaning of the word "premises" as here used?

3 Washburn on Real Property (5th ed.), p. 466: "The term 'premises,' it will be perceived, has thus far been used as embracing all that part of a deed which precedes the habendum; and this is the proper technical sense of the term as used in. conveyancing.   In its etymological sense, the term applies to that which has been before mentioned, and includes facts recited in the instrument in which it is used."

22 Am. & Eng. Ency. (N. E.), p. 1176: "The technical meaning of the word 'premises' in a deed is all that precedes the habendum."

It is needless to multiply authorities.

The second habendum is to have and to hold that which has gone before.   In the previous part of the master's deed the option is referred to in the preamble and the granting clause.

It is not necessary to incumber this opinion with authority to show that, when one instrument refers to another for its terms, it takes both instruments to show the entire contract.

In *Herlong v. Lumber Co.,* 93 S. C. 529, 77 S. E. 219, a written instrument referred to a parol agreement for its terms, and the parol agreement was proved as a part of the contract.   It was made so by the parties themselves.   In this case the master's deed does not state what the "privileges" and "rights" are, but refers to the option as recorded in the office of the clerk of the Court.   The opinion did not convey a fee, and the deed did not convey or attempt to con-

vey a fee, but only such privileges and rights as were set forth in the option. The appellant is on the land claiming all the advantages of the option, and it cannot claim the advantages and repudiate the disadvantages.

The proceedings were taken, on account of the infancy of some of the parties in interest, to carry out the provisions of the option. The judgment directed that the conveyance should be so made, and, if the master had attempted to exceed his authority, the excess would have been void. See *Iseman v. McMillan,* 36 S. C. 27, 15 S. E. 336, and *Bank v. McMahon,* 37 S. C. 309, 16 S. E. 31. The case of *Corbett v. Fogle,* 72 S. C. 312, 51 S. E. 884, is not in conflict with these cases, for the reason that in *Corbett v. Fogle, supra,* there was a lapse of more than 20 years and the sale was confirmed and was *res adjudicata.* There was not a sufficient lapse of time in this case, nor was the sale confirmed. This exception is overruled.

2. The second and third exceptions are argued together. "The position here taken is threefold: (1) That the deed is a fee simple conveyance; (2) that it cannot be reformed in the absence of appropriate allegations in the complaint addressed to that end; and (3) that, before relief can be had, there must be a restoration or an offer of restoration of the moneys received as consideration for the deed."

(1) The deed did not convey a fee as we have seen.

(2) This is not a proceeding to reform the deed.

(3) A return of the money was not necessary unless there was an attempt to reform the deed. The plaintiff is standing on the deed, and that the appellant has lost his "rights" and "privileges" was due to no fault of the plaintiff.

These exceptions are overruled.

3. "We contend under this exception (fourth) that all the prior conversations, promises, and contracts that tend to

vary or contradict the terms of a fee simple deed to Cape
Fear Lumber Company were inadmissible." This excep-
tion is overruled under *Minshew v. Lumber Corporation,*
98 S. C. 19-21, 81 S. E. 1027.

The fourth exception assigns error on the part of his
Honor in considering testimony tending to show that the
grantor of the deed at the time of its execution was led to
believe by the purchaser that a mill would be located
in the near future near the timber sold; the appel-
lant's contention being that it was inadmissible as far
as defendant was concerned in the absence of any evidence
showing that any such notice had been brought home to the
defendant, who was the subsequent purchaser, and that the
contract was in reference to real estate not in writing, and
not to be performed in one year, and tended to vary or add
to the terms of the written contract. The contract was
silent as to when the purchaser was to commence to cut the
timber, and under the law the cutting and removal must be
within a reasonable time, and anything that took place at the
time the original contract was entered into that would go to
show what the parties intended as to the time in which the
cutting was to commence, or would in any manner elucidate
or throw light on this question, would be competent as evi-
dence to be considered for what it was worth, and would not
be varying in any manner the written instrument. There
is no contention between the parties about the contract
entered into between Wall and Montague. The paper is
admitted by both parties here in this suit to be the actual
contract, but they differ as to the force and effect of it; one
claiming that it is canceled, and the other that it is live and
active. The contract speaks for itself and cannot be varied
as far as its contents are concerned by parol evidence. But
the circumstances surrounding the parties at the time it was
made can be detailed, and any separate and independent
agreement made at the time, or any understanding separate
and apart and not embodied in the contract, and in no sense

a part of the contract, entered into in writing, is competent evidence. It was incumbent on the purchaser to ascertain the facts and circumstances of the situation of the parties when he purchased. It was held in *Flagler v. Lumber Corporation,* 89 S. C. 328, 71 S. E. 849, that the rights of a purchaser under a contract of this kind would depend upon the facts and circumstances surrounding the parties at the time of the execution of the contract, so that the term of years acquired under the contract depended upon these facts and circumstances, and whatever terms these facts and circumstances should fix would be the term acquired.

The appellant here was charged with knowledge of a proper legal construction of the contract and as to the time that the cutting should commence under the contract depended upon the facts and circumstances surrounding the parties at the time the contract was made, and the defendant was chargeable with that notice. The evidence was pertinent and competent to throw light on the question of what was a reasonable time as contemplated by the parties to the original contract and was properly admitted by his Honor. *Sullivan v. Williams,* 43 S. C. 489, 21 S. E. 642; *Paint Co. v. Bennett-Hedgpeth Co.,* 85 S. C. 493, 67 S. E. 738.

4. "This exception (fifth) complains of error on the part of the Circuit Judge in holding that this case could not be distinguished from the Minshew and Gray cases previously decided by this Court."

It is not reversible error for a Judge to base his judgment on the wrong case previously decided. The question is, was the conclusion right, and not, did the trial Judge assign the right reason or right case for it?

All the exceptions are overruled, and the judgment affirmed.