LAFAYETTE LAND COMPANY, A CORPORATION, *Appellant*, v. JOHN E. CASWELL AND L. A. KNIGHT, PARTNERS AS CASWELL & KNIGHT, *Appellees*.

EQUITY PRACTICE—DEMURRER TO BILL FOR WANT OF EQUITY—DEED TO A FIRM IN ITS FIRM NAME IS NOT VOID.

1.  A general demurrer to an entire bill for want of equity should be overruled where the case made by the bill entitles the complainant to any substantial relief in a court of equity.

2.  A deed made to a firm by the firm-name, instead of the individual members of the firm, is not for that reason void.   It is a latent ambiguity that may be explained and supplied by parol testimony.

This case was decided by Division B.

Appeal from the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*Hendry & McKinnon,* for Appellant;

*Hardee & Butler,* for Appellees.

TAYLOR, J.—The appellees filed their bill in equity in the Circuit Court of Taylor County against the appellant for the removal of clouds upon their title to the standing timber growing upon divers lands in said county, and to enjoin the appellant from trespassing thereon and from harassing the complainants with divers alleged vexatious suits at law in which it is alleged the appellant has undertaken to seize the timber cut from said lands by the appellees. To the bill the defendant below interposed a demurrer on the following grounds:

1st. There is no equity in the bill.

2nd. The bill shows that complainant has an adequate remedy at law.

3rd. The bill shows that the question of title to said property is being litigated in an action at law.

4th. The bill states conclusions and does not set out the facts showing that a reasonable time has expired.

5th. The bill alleges facts that tend to vary and contradict the terms of a written instrument under seal.

6th. The bill sets up a contract in relation to said timber made prior to and contemporaneously with the said written instrument under seal and in terms contrary thereto.

This demurrer was overruled by the chancellor, and from this order the defendant below appeals to this court assigning said order as error. There was no error in this ruling.

It is well settled here that a general demurrer to an entire bill for want of equity should be overruled where the case made by the bill entitles complainant to any substantial relief in a court of equity. Louisville & N.

R. Co. v. Gibson, 43 Fla. 315, 31 South. Rep. 230. We think the bill sets up a good ground for equitable relief in its effort to remove clouds from the complainants title, as well also as in its prayer for injunction. It is contended here that the conveyance under which the complainants claim title is void because no grantees are named therein. This contention is based upon the fact that the deed under which the complainants claim, attached as exhibit to their bill, is made to Caswell and Knight of Taylor county, Florida, as grantees, without giving either of their christian names. This does not render said deed void.

A deed made to a firm by the firm name, instead of the individual members of the firm, is not for that reason void. It is a latent ambiguity that may be explained and supplied by parol. Murray, Ferris & Co. v. Blackledge, 71 N. C. 492; Walker v. Miller, 139 N. C. 448, 52 S. E. Rep. 125; Morse v. Carpenter, 19 Vt. 613; 1 Jones on Law of Real Property in Conveyancing, Paragraph 244, and cases there cited.

The order of the court below in said cause is hereby affirmed at the cost of the appellant.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.