W. J. D. CAWTHON, *Appellant*, v. STEARNS CULVER LUMBER COMPANY, A CORPORATION, *Appellee*.

1. Under a conveyance of "all the pine timber suitable for saw logs that there is now or may be hereafter" on described land, "with privilege of free ingress and egress at any and all times * * * for the purpose of removing said timber," the right to take the designated timber passed immediately upon the execution of the conveyance.

2. A deed made to a firm in the firm name, instead of to the individual members of the firm, is not for that reason void. It is a latent ambiguity, that may be explained and supplied by parol testimony.

3. Where the statute requires only that a deed of conveyance shall be recorded in the office assigned by law for that purpose in order to be effectual against subsequent purchases for value

and without notice, the mere record of a deed of conveyance in the Mortgage Record Book instead of in the Deed Record Book does not render the record ineffectual as constructive notice to subsequent purchasers.

4. While in a conveyance of growing timber intended to be removed from the land, where no time is specified for the removal, a reasonable time may be implied to be determined from all the facts and circumstances of the particular case, yet where the conveyance contemplates future growth of at least some of the trees before their removal, and an indefinite right to remove is given, even though an intention to remove the timber appears by the conveyance, the mere passage of sixteen years without removal may not of itself terminate the vendee's right to take the timber from the land, where no injury or undue advantage is made to appear.

This case was decided by Division A.

Appealed from the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Wm. W. Flournoy,* for Appellant;

*Blount & Blount & Carter,* for Appellee.

WHITFIELD, C. J.—The appellant as the owner of certain lands procured an injunction under the statute against the cutting and removal of timber therefrom. Subsequently an answer was filed in which it is averred that the defendant, appellee here, is the owner of the timber on the lands by virtue of a deed of conveyance to its predecessor in title, Simpson & Company of Bagdad, Florida, of "all the pine timber suitable for saw logs that there is now or may be hereafter" on the lands, with privilege of

free ingress and egress at any and all times to remove the timber. This conveyance of the timber was made and recorded in the mortgage record book of the county before the purchase of the land by the appellant. At the final hearing the court dismissed the bill of complaint and an appeal was taken.

It is contended that the conveyance of "all the pine timber suitable for saw logs," "is void because it violates the rule against perpetuities in that the instrument itself does not sufficiently describe the property, and there was no severance or branding of the trees."

The right to take the timber passed immediately upon the execution of the deed of conveyance. It is competent for the parties to convey growing timber on lands and to grant a perpetual right to enter upon the land to remove the timber therefrom. McNair & Wade Land Co. v. Adams, 54 Fla., 550, 45 South. Rep., 492. Whether the right of ingress and egress granted in the conveyance here is perpetual, it is not necessary to decide. The interest of the grantee having vested upon the execution and delivery of the deed of conveyance, the continuance of the vested interest does not offend the rule against perpetuities. 30 Cyc. 1482; McRae v. Stillwell, 111 Ga., 65, 36 S. E. Rep., 604, 55 L. R. A., 513 and notes. The case of Gay Mfg. Co. v. Hobbs, 128 N. C., 46, 38 S. E. Rep., 26, is not in point for it was there held that the beginning of the right was uncertain. See Bunch v. Elizabeth City L. Co., 134 N. C., 116, 46 S. E. Rep., 24. Here the right began when the conveyance was made. Whether the absolute title to particular trees passed at the conveyance or not, a valid right of the appellee to take the specified timber from the land is secured by the conveyance, and a termination of that right is not shown.

A conveyance of "all the pine timber suitable for saw

logs that there is now or may be hereafter" on land described, with the right of egress to remove the same "at any and all times" is the vesting of a present interest in the property described, beginning at the conveyance. Even if the right to enter on the land to remove the timber may be lost by the lapse of a reasonable time for the removal, or otherwise, the timber conveyed is capable of definite ascertainment, and as the rule against perpetuities applies only to future interests it is not violated.

A deed made to a firm by the firm name, instead of the individual members of the firm, is not for that reason void. It is a latent ambiguity, that may be explained and supplied by parol testimony. LaFayette Land Co. v. Caswell, 59 Fla., 544, 52 South. Rep., 140.

A firm of partners is composed of individuals, and a conveyance to a firm as grantees is not subject to the objection that no grantee is named as where the grantee named is "the estate of John Smith."

At the time the conveyance was recorded the statute required only that it shall be recorded in the office assigned by law for that purpose in order to be effectual against subsequent purchasers for value and without notice. See section 6, page 215, McClellan's Digest; Emerson v. Ross' Exr., 17 Fla., 122. The mere fact that the conveyance was recorded in the mortgage record book instead of the deed record book does not render the record ineffectual as constructive notice to subsequent purchasers. See Ivey v. Dawley, 50 Fla., 537.

While in a conveyance of growing timber intended to be removed from the land, where no time is specified for the removal, a reasonable time may be implied to be determined from all the facts and circumstances of the particular case, yet where the conveyance contemplates future growth of at least some of the trees before their removal,

and an indefinite right to remove is given, even though an intention to remove the timber appears by the conveyance, the mere passage of time without removal may not of itself in the absence of injury or undue advantage terminate the vendee's right to take the timber from the land. In this case the conveyance of the land was made in 1890 and the proceedings to prevent the removal of the timber was begun in 1906. As the conveyance is of "all the pine timber suitable for saw logs that there is now or may be hereafter on the" land, "with privilege of free ingress and egress at any and all times * * * for the purpose of removing said timber," the mere lapse of the time stated does not terminate the grantee's right to take the timber, no other circumstances of injury or undue advantage being shown.

No error being made to appear the decree is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.