W. R. FLETCHER, *Appellant, v.* J. E. MORIARTY, *Appellee.*

1. Owners of land may grant perpetual rights as to the timber on the land where no rule of law is violated.

2. Verbal agreements as to the terms of a lease of lands cannot vary or control the terms and meaning or effect of the lease as subsequently reduced to writing.

3. To warrant a court of equity in cancelling a lease on the ground of mistake or otherwise the proofs should be clear and convincing.

4. Where a lease of land for turpentine purposes is to continue for an indefinite number of years, the mere failure of the lessees to begin the turpentining for several years does not terminate the lease, there being no showing that the delay is an inequitable use of the lease.        •

This case was decided by Division A.

Appealed from the Circuit Court for Lafayette County.

The facts in the case are stated in the opinion of the court.

*J. M. Gornto* and *T. B. Ellis, Jr.,* for Appellant;

*Carter & McCollum,* for Appellee.

WHITFIELD, C. J.—The appellant by a bill in equity filed September 17th, 1909, sought to have the appellee enjoined from cutting, boxing and working the timber on designated lands under a lease thereof for turpentine purposes, and to have the lease decreed to be void and cancelled, upon the grounds that the lease period had expired and that the cutting of the timber will cause irreparable injury to the land, and that the lease hinders and annoys the complainant in the enjoyment of the lands and in the prospective sale thereof, and that a part of the land was at the date of the lease an incompleted homestead entry made in 1901. Upon final hearing on bill, answer, replication and testimony, the bill was dismissed and the complainant appealed.

It is in effect alleged that at the time of the sale of the turpentine privileges, which is called a lease but before the lease was executed, the lessees stated verbally to the lessor "in substance and to the effect that they would only box and use for turpentine purposes under said lease" some of the lands described in the lease, "and that they would begin the boxing and cutting thereof for such purposes the folowing fall, and continue during the term of the lease, three years;" that it was mutually agreed between the lessor and the lessees that a designated part of the lands "would run three thousand boxes, based on such estimate the consideration paid * * was the sum of seventy-five dollars;" that there was no consideration for the lease of a part of the lands; that one of the lessees assigned his interest in the lease to the appellee; that the lessees have not "begun the boxing, cutting or working of the timber on any of said lands and that the time limit of said lease has expired."

The lease is dated February 16th, 1904; the consideration is $75.00, "at the rate of twenty-five dollars per thou-

sand boxes that is at the rate of $2\frac{1}{2}$ cents per box;" "and it is hereby expressly covenanted and agreed that the said parties of the second part (lessees) may commence boxing, working or otherwise using the said timber for turpentine purposes or any portion thereof at any time that the said parties of the second part may desire, provided the boxes are cut each season between the first day of November and March each season, and shall have the right to continue to box, work or otherwise use the said timber and every portion thereof for the full terms of three (3) years beginning with reference to each portion of the timber from the time only that the boxing and working of each portion is commenced, it being the intention of the parties that this lease shall continue to operate until all of the timber and each and every part thereof has been boxed, worked, and otherwise used for turpentine purposes for the full period of three (3) years." No time was named within which the boxing and working of the trees was to be commenced, and no time was fixed for the ultimate end of the lease.

It is within the rights of owners of land to grant perpetual rights as to the timber on the land where no rule of law is violated. See Cawthon v. S. C. L. Co., 60 Fla. 313, 53 South. Rep. 738.

The lease in this case took effect upon its execution and the only limit to the period of its existence is "three years beginning with reference to each portion of the timber from the time only that the boxing of each portion is commenced." The right to begin boxing was immediate but there was no obligation to begin at once. On the contrary, it was expressly stipulated that the lessees "may commence boxing, working or otherwise using the said timber for turpentine purposes or any portion thereof at any time, that the said (lessees)   *   may desire, provided the

boxes are cut each season between the first day of November and March." See Florida Assn. v. Stevens, 61 Fla. 598, 55 South. Rep. 981.

Verbal agreements as to the terms of a lease of lands cannot vary or control the terms and meaning or effect of the lease as subsequently reduced to writing.

Even if the allegations of the bill of complaint are sufficient, the proofs are not clear and convincing of any facts and circumstances that would warrant the court in cancelling the lease on the ground of mistake or otherwise. The injuries to the complainant lessor alleged to have occurred because of the continuance of the lease are the natural and ordinary results of the contract of lease as made, and the lessor cannot be relieved of the natural consequences of his own deliberate contract. The contract indicates that the consideration covered the entire lease.

The mere fact that the homestead patent to a portion of the leased land had not been issued when the lease was made does not avoid the lease. It is alleged that the patent was issued in February, 1909, and that the complainant is now the owner in fee of the land. For aught that appears the lessor was by reason of payments or otherwise entitled to a patent when the lease was made.

The lease clearly contemplated its continuance through a period of years during which time the trees would naturally grow, and if the value of the lease increased its validity is not thereby affected. There is no showing that the delay in beginning to box the trees is such an inequitable use of the lease as to amount to an abuse or an injustice that could not have been contemplated when the contract was made.

The court found the equities to be with the defendant lessee and the decree dismissing the bill is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.