DOWLING PARK NAVAL STORES COMPANY, A CORPORATION, *Appellant,* v. FRANK HOUCK *et al, Appellees.*

Where a lease of timber for turpentine purposes dated January 11th, 1904, provides that "in consideration of the sum of thirty-two and 50/100 dollars per thousand turpentine boxes, to be paid for when timber is boxed," the lease is "for the full period of three years from the date of the cutting of each and every parcel of said timber," "for turpentine purposes," "for the full period of three years from the cutting of each and every part thereof," the law implies a reasonable time within which the timber must be boxed so that the stated period of three years will begin to run, and upon failure of the lessee to box the timber within a reasonable time under all the circumstances of the case, the rights under the lease will cease; and on the circumstances disclosed, the chancellor in this case properly held the rights of the lessee to have ceased when the bill was filed December 10th, 1910.

Appealed from the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*W. B. Davis,* for Appellant;

*Hendry & McKinnon* and *E. C. Calhoun,* for Appellees.

WHITFIELD, C. J.—On January 11th, 1904, a commissioner appointed by the probate court executed to C. B. McLeod & Company, a lease of trees for turpentine purposes on lands belonging to minors, the appellees.

The instrument executed was in terms "to lease timber for turpentine purposes upon real estate belonging to" the minors. It provides that the commissioner pursuant to the order of the court "and in consideration of the sum of Thirty-two and 50-100 dollars, per thousand turpentine boxes, to be paid for when timber is boxed, does by these presents, grant, lease, let and convey unto the said parties of the second part, their heirs and assigns, for the full period of three years from the date of cutting of each and every parcel of said timber, all the rights, title and interest of said minors in and to all the timber for turpentine purposes upon the" lands described, "to have and to hold the above granted timber, together with the appurtenances and every part thereof, unto the said parties of the second part, their heirs and assigns, for the full period of three years from the cutting of each and every part thereof."

C. B. McLeod & Company assigned their rights in the lease to Malloy Bros. & Turner, who assigned to the Dowling Lumber & Naval Stores Company, who assigned to the Dowling Park Naval Stores Company.

On December 10th, 1910, a bill of complaint was filed by the said minors by next friend against the lessees and the successive assignees, to have the lease cancelled upon the theory that a reasonable time having elapsed and the trees not having been boxed, the rights of the lessees and their assigns had terminated and ceased. Having dismissed the bill of complaint as to all except the present holder of the lease, the court granted the relief and the defendant appealed.

In the final decree, the court determined that the lease "gave the lessees and their assigns the right to box, work and use said timber for turpentine purposes for a period of three years from date of boxing the same, and that lessees and their assigns under said lease had only a reasonable time within which to enter and box said timber, and upon failure to exercise such right within a reasonable time, the right so granted ceased; that the rights and privileges granted are not indefeasible, but determinable within a reasonable time from the date of the instrument; that a reasonable time for boxing, working and using said timber for turpentine purposes under the said lease had elapsed at the time of the filing of complainants' bill under all facts and circumstances of this case and the conditions surrounding the parties at the time of the execution of the lease;" therefore, the lease and the transfers thereof were ordered cancelled, and an appropriate injunction decreed.

It is contended that under the rule announced in Cawthon v. Stearns & Culver Lumber Co., 60 Fla. 313, 53 South. Rep. 738, the lapse of time between January 11th, 1904, when the lease was made and December 10th, 1910, when the bill was filed, is not sufficient to terminate the rights of the lessees and those holding through them under the lease.

The terms of conveyance of growing timber in the Cawthon case covered "all the pine timber suitable for saw logs that there is now or may be hereafter" on the land "with privilege of free ingress and egress at any and all times .......... for the purpose of removing said timber." Here the rights is a turpentine lease "for the full period of three years from the date of the cutting (for turpentine purposes) of each and every parcel of said timber." This distinction between the two cases is patent and substantial. See Fletcher v. Moriarty, 62 Fla. 486, 56 South. Rep. 437; Fla. Ass'n. v. Stephens, 61 Fla. 598.

In this case the Circuit Court properly held that the lease gave to the lessees and their assigns the right to box, work and use said timber for turpentine purposes for a period of three years from date of boxing the same, and that the lessees and their assigns had only a reasonable time within which to enter and box said timber, so the period of three years would begin to run, and upon failure to exercise such right by cutting or boxing the trees within a reasonable time from the date of the lease, the rights under the lease would cease.

It appears that at the time the lease was executed, it was understood between the lessees and the guardian of the minors who owned the property, that the cutting or boxing of the trees on the lands covered by the lease for turpentine purposes was to be done during the season of 1904 and 1905, the lease having been made in January, 1904. There is also evidence that this understanding was communicated by the lessee to his assignee.

Considering the terms of the lease granting three years for extracting the turpentine after boxing, the single purpose for which the standing timber was to be used, the fact that the consideration was "the sum of Thirty-

two and 50-100 dollars per thousand turpentine boxes, to be paid when timber is boxed," the status of the complainants as minors, the testimony of the original lessee as to the understanding that the trees on the lands were to be boxed during the season of 1904 and 1905, and the other circumstances showing an unreasonable delay in boxing or cutting the trees for turpentine purposes so the three years limitation would begin to run, the lapse of nearly seven years appears to warrant the finding of the chancellor that "a reasonable time for cutting or boxing the trees on the lands for turpentine purposes under said lease had elapsed at the time of the filing of complainants' bill." Consequently the decree adjudicating that the rights of the lessees and their assignees under the lease had terminated and ceased to exist, and that the lease and its transfers should be cancelled is in accordance with the law and the evidence. See McNair & Wade Land Co. v. Adams, 54 Fla. 550, 45 South. Rep. 492; McNair & Wade Land Co. v. Parker, decided this day.

The decree is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.