J. B. WOFFORD AND OTHERS, *Appellants,* v. G. M. DYKES, *Appellee.*

Opinion Filed February 11, 1914.

1. Exceptions to an answer for impertinence should be overruled if they are too broad or are to defensive matter not wholly irrelevant to the bill as framed.

2. When the complainant's title depends upon a Sheriff's deed, payment of the judgment prior to the levy of the execution is relevant defensive matter.

3. A Sheriff's deed may be attacked by showing that the statutory steps of notice have been ignored.

4. The surroundings, facts and circumstances may aid in the construction of an ambiguous deed.

Appealed from Circuit Court for Dade County; L. W. Bethel, Judge.

Order reversed.

*Price and Railey,* for Appellants;

*Atkinson, Gramling & Burdine,* for Appellee.

COCKRELL, J.—This is an appeal from an order sustaining exceptions for impertinence to an answer filed by the appellee to a bill, praying the cancellation of a cloud upon title, the claim of appellants' to a ten-foot right of way upon appellee's land.

From the bill of complaint it appears that the complainant's predecessor in title, when the owner of four adjoining lots, executed its deed conveying two of them to an improvement company, and in the deed, immediately following the description of the lots conveyed occurs this sentence: "It is also agreed that by the grantor, that the grantee, its successors and assigns, shall have the free use of an alley running from Tenth (10) Street to Eleventh (11) Street, for a right of way, said alley being the West Ten Feet (W. 10 Ft.) of Lots Eight (8) and Thirteen (13) of Block One Hundred and Five (105) of the City of Miami, together with all and singular the rights, easements, tenements, hereditaments thereunto belonging or in anywise appertaining, and the reversions, remainder and remainders, rents, issues and profits thereof." The improvement company sold a portion of its lots to one of the appellants, "together with all and singular the rights, tenements and hereditaments and appurtenances thereunto belonging or in anywise appertaining * * and also all the * * estate, posses-

sion, claim and demand whatsoever at law and in equity, either and both, of the said party of the first part of, in and to the same, and every part and parcel thereof."

Upon the theory that the "agreement" as to the right of way by the original grantor was a naked promise, the bill asserts title to the ten-foot strip through a sheriff's deed based upon a judgment against that grantor.

We shall not burden this opinion with all the specific portions of the answer, to which the exceptions were sustained, but after pointing out a few of them, will content ourselves with a reference to the rules laid down by us in Holzendorf v. Terrell, 52 Fla. 525, 42 South. Rep. 584, governing the subject, and the application of which rules require the overruling of all these exceptions, which were objectionable as being too broad, or as directed against defensive matter not wholly irrelevant when read in the light of the averments of the bill.

We give a few illustrations: The statute of limitations is not wholly irrelevant, nor is a plea of payment of the judgment prior to the levy of the execution thereunder. Again, we know of no rule rendering impregnable a sheriff's deed, when the statutory steps of notice have been ignored. Again, the construction of an ambiguous deed may depend upon matters *dehors* the deed, and pleadings these facts do not necessarily offend the rule as to varying writings by parol.

We must not be understood as deciding finally all the suggestions in this opinion. These questions may be more materially considered when all the facts are fully discussed, and if the defendants unnecessarily bring into the case evidence that may then prove inconsequential,

the chancellor has the power to penalize them when he adjusts the costs. See Bush v. Adams, 22 Fla. 177.

The order is reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.