CUMMER COMPANY, A CORPORATION, *et al., Appellants,* v. ESTILL L. YAGER, *et al., Appellees.*

## Opinion filed May 23, 1918.

1.  It is competent for parties owning land to convey timber growing upon it and grant a perpetual right to the purchaser to enter upon the land for the purpose of removing the timber therefrom

2.  While parties may make a contract whereby one will be entitled to a perpetual right to enter upon the land of the other and remove timber therefrom which is conveyed by one to the other, such an agreement is so unreasonable in its nature, that no contract will be held to have this effect unless it is plainly manifest from its terms that such was the intention of the parties.

3.  A deed conveying timber growing and standing upon land without stipulating the time within which it must be removed will be construed as implying that such removal shall be within a reasonable time, where the terms of the conveyance, or the circumstances attending the transaction afford a just basis for an adjudication of such an implication or intendment.

4.  What may be regarded as a reasonable time for removing growing and standing timber from the land of another, where no time within which it shall be removed is stipulated in the deed conveying it, should be determined, not by the arbitrary will of either the grantor or the grantee, but by a consideration of the location, nature, accessibility and uses of the timber and land as well as all the other circumstances that attended the making of the conveyance.

5.  If the matter contained in an answer in an equity cause is relevant or can have any influence in the decision of the subject-matter of the controversy, it is not impertinent.

Appeal from Circuit Court for Pasco County, O. K. Reaves, Judge.

Order overruling demurrer affirmed; order granting motion to strike portions of answer reversed.

*Whitaker & Whittaker,* for Appellants;

*Hilton S. Hampton* and *F. J. Hampton,* for Appellees.

WEST, J.—This is a suit in equity brought by the appellees, who will hereafter for convenience be referred to as complainants, against the appellants, who will be referred to as defendants, in the Circuit Court of Pasco County.

The bill in substance alleges the ownership in fee simple in the complainants of certain described lands in Pasco county, and that the complainants by deed dated January 20th, 1902, conveyed to Zelpha Copley "all of the cypress timber on the above described land, with the right of entering on said land for the purpose of working said cypress timber, and in consideration of your orator's permitting the said grantee to have a reasonable time within which to remove said timber, it was agreed that the grantee should pay the State and county taxs on said land pending the removal of said cypress timber, and it was understood and agreed that as your orator did not desire the immediate possession of said land, said grantee should have a reasonable time within which to remove the same;" that thereafter, on September 15th, 1902, said Copley sold and conveyed the said cypress timber to Jacob Cummer and others who thereupon on January 22nd, 1904, by deed conveyed said timber to the Cummer Company, a corporation; that all of said deeds

were taken with full knowledge of the agreement and contract between complainant and her grantee; that complainants have from time to time since the date upon which, said Cummer Company became the owner thereof requested it to remove said timber from said land and said company has from time to time promised complainants that if they would extend the time for doing so the timber would be removed; that although a reasonable time for the removal of said timber from said land has elapsed said company has failed and refused to remove it and still refuses so to do, and that such action amounts to a confiscation of said land, prevents complainants from using it, and thereby does them irreparable injury. A copy of the deed was attached to the bill and made a part of it.

The prayer is that the defendant, the Cummer Company, shall be required by order of the court "within a short date to be fixed by this court to remove its said timber from said land," pay all taxes thereon according to its agreement, vacate and quit-claim all right, title and interest in and to said cypress timber, and that in default thereof the said several deeds conveying said timber from said complainant to said company be cancelled and annulled; that the defendants and all persons claiming under them may be barred and foreclosed of all rights to or interest in said cypress timber, and for general relief.

The deed omitting formal parts is as follows:

"THIS INDENTURE, made and entered into this the 20th day of June, A. D. 1902, BETWEEN Estill L. Yager and Arthur Yager her husband, of the County of Scott and State of Kentucky, parties of the first part, and Zelpha Copley of Grand Rapids State of Michigan, party of the second part;

"WITNESSETH, that the said parties of the first part, for and in consideration of the sum of Seven Hundred & Twenty Five ($725.00) and other valuable considerations Dollars, to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained, sold and conveyed, and by these presents do grant bargain, sell and convey unto the said party of the second part, and her heirs and assigns forever, the cypress timber land lying, being and situate in the said County of Pasco and State of Florida, to-wit:

"All of the cypress timber now growing and standing and all the cypress timber dead and lying on the ground on the northeast quarter of Section sixteen (16) Township twenty five (25) south of Range twenty two (22) east. With the right of entry on the aforesaid land for the purpose of working up and removing said cypress timber and the party of the second part shall pay the State and County taxes on the aforesaid land as long as the cypress timber remains thereon.

"TO HAVE AND TO HOLD said cypress timber, with the appurtenances, to the said party of the second part. her heirs and assigns forever. And the said parties of the first part do hereby bind themselves and their heirs, executors and administrators to warrant and forever defend the title to said cypress timber unto the said party of the second part, her heirs and assigns, against the said parties of the first part and their heirs, executors and administrators, and against all persons whomsoever lawfully or equitably claiming or to claim the same."

The bill was demurred to by the several defendants and the demurrers were upon hearings thereon overruled by the Circuit Judge. Thereafter an answer was filed

by the defendants Cummer Company, a corporation, Arthur G. Cummer and Waldo E. Cummer, to certain portions of which exceptions were filed, which exceptions upon a hearing were sustained by the Chancellor, and from the orders overruling the demurrers to the bill and sustaining the exceptions to the answer this appeal was taken.

The errors assigned are the orders that are appealed from.

The grounds of the demurrers are in substance as follows: (1) that the conveyance by the complainant contains no prescribed time within which said timber shall be removed, and the conveyance of said timber was not for a limited or circumscribed purpose; (2) that the bill contains no allegations of any prior or contemporaneous parol agreement or understanding between the parties to the deed, nor of such facts or circumstances surrounding the execution of the deed as to warrant a construction thereof other than that called for by the language employed in the deed itself; (3) because it is competent for parties to convey growing timber on land with a perpetual right to the grantee to enter upon the land and cut and remove such timber, that this conveyance was a grant *in presenti* for a good and sufficient consideration to said grantee, her heirs and assigns forever, and the bill contains no allegations which warrant the complainant in applying to a court of equity to relieve them from the legal effect of said conveyance; (4) there is no allegation in said bill that complainants have resided upon, cultivated or occupied said land or any part thereof, nor that said land is adapted to or may be used for farming or other purposes nor that said land has any actual or market value apart from the cypress timber thereon; (5) there is no

allegation in the bill that complainants have suffered
irreparable injury, or any injury whatsoever by the non-
removal of said timber, or that complainants are now or
may in the future suffer loss because of the non-removal
of said timber; (6) there are no allegations in said bill
that the grantee in said deed, or her successors, have
failed to pay the taxes on said land, nor that the com-
plainants have been required to pay such taxes; (7)
because the deed of complainants is a grant of a per-
petual right to enter on said land and remove the timber
granted, and the grantor is not entitled to quicken the
time for such removal by notice; (8) because if the deed
of complainants was not a grant in perpetuity the mere
passage of time alone in the absence of injury or undue
advantage is not of itself sufficient to terminate the
right of the purchaser, and there are no sufficient alle-
gations of facts in the bill to disclose a right in the
complainant to invoke the jurisdiction of the court for
the purposes sought; (9) because the allegations in the
bill that it was agreed that the grantee in the deed
would remove the timber conveyed within a reasonable
time is a mere conclusion of law not warranted by any
sufficient facts stated in the bill; (10) because there is
no allegation in the bill to show the supposed promise
of the Cummer Company to remove the said timber was
in writing or was based on any consideration, or was
sufficiently definite to constitute a binding agreement,
or that the time referred to has expired or that com-
plainants have been injured or affected in their rights
by the supposed promise, and (11) because complain-
ants have not made or stated such a case as entitled
them to relief in a court of equity.

The contention is made by counsel for defendants
upon the assignments based upon the orders overruling

the demurrers to the bill of complaint that there is no opinion of this court tested by the facts upon which it is based, or by any principle of law announced therein, which sustains the contentions advanced by the complainant in their bill.

We are unable to accept this view. On the contrary we think the principles applicable have been settled in this jurisdiction in cases in which the facts were sufficiently similar to the facts in this case to be controlling.

It is settled here that it is perfectly competent for parties owning land to convey timber growing upon it and grant a perpetual right to the purchaser to enter upon the land for the purpose of removing the timber therefrom. McNair & Wade Land Co. v. Adams, 54 Fla. 550, 45 South. Rep. 492; Cawthon v. Stearns Culver Lumber Co., 60 Fla. 313, 53 South. Rep. 738; Fletcher v. Moriarty, 62 Fla. 482, 56 South. Rep. 437.

But it is equally well established that because such an agreement is so unreasonable in its nature, no conveyance will be construed as granting a perpetual right to enter upon and cut and remove timber from the land of another unless it is plainly manifest from the terms of the conveyance that such was the intention of the parties. McNair & Wade Land Co. v. Adams, *supra*.

In the case of McNair & Wade Land Co. v. Parker, 64 Fla. 371, 59 South. Rep. 959, this court undertook to define the nature of the estate or interest which is conveyed by a deed such as the one involved in this suit. The court speaking through Mr. Justice HOCKER, said: "As to the interest conveyed by the deed it is plain that it carries no permanent fee simple interest in the land itself. It conveys only the timber growing on the land, which is a kind of servitude which may be lost:

by non-use or abandonment. Owing to the peculiar nature of this interest this court has settled the doctrine that where the deed creating it is silent as to the time within which the rights conveyed must be used that a reasonable time will be allowed for their enjoyment.''

In that case the conveyance was an ordinary warranty deed conveying all the green pine and cypress timber on the land described for a stated consideration to the grantee named, its heirs and assigns forever, and the habendum clause was to the grantee, its heirs and assigns forever. There was no limitation of the time within which the grantee should enter upon the land and remove the timber therefrom. The deed was made on December 12th, 1900, and the suit brought on the theory that a reasonable time had elapsed for using and removing the timber was filed on June 20th, 1910. The Circuit Judge held that a reasonable time for using and removing the timber had elapsed at the time the suit was filed, and although the timber as in the instant case had been conveyed by the grantee to a third party, decreed that the rights of the defendants acquired under the deed from the complainants were forfeited, and directed in the decree that the original deed and the deed to the third party be cancelled.

There is no difference in principle between that case and the case now under consideration.

It is alleged in the bill of complaint that "it was understood and agreed that as your orator did not desire the immediate possession of said land, said grantee should have a reasonable time within which to remove the same."

It does not appear by the deed as alleged that it was agreed that as the grantor "did not desire the immediate possession of said land, said grantee should have a rea-

sonable time within which to remove the same," yet if the terms of the deed are such that the law implies therefrom an undertaking that the granted timber should be removed from the land within a reasonable time, the demurrer to the bill of complaint was properly overruled.

In view of the rules of interpretation announced in the cases cited, it appears that as the deed conveyed "all of the cypress timber *now* growing and standing and all the cypress timber dead and lying on the ground on the" described land "with the right of entry on the aforesaid land for the purpose of *working* up and *removing* said cypress timber," the intention is manifest that the timber should be removed from the land in a reasonable time.

The conveyance to the grantee, "her heirs and assigns forever," is of a fee simple estate in "the cypress timber now growing and standing" on the land, and is coupled "with the right of entry on the aforesaid land for the purpose of working up and removing said cypress timber." From these terms the law implies an obligation to remove the timber within a reasonable time.

Although it is generally held that the parties to an agreeemnt may, if they choose, make a contract whereby one will be entitled to a perpetual right to enter upon the land of the other and remove timber therefrom, it has been held in the majority of the decisions, and, as we have seen, this court is in accord with this holding, that such an agreement is so unreasonable in its nature that no contract will be held to have this effect unless it is plainly manifest from its terms that such was the intention of the parties; and therefore a deed conveying timber without stipulating the time within which it must be removed is usually construed as implying that such

removal shall be within a reasonable time, where the terms of the conveyance or the circumstances attending the transaction afford a just basis for an adjudication of such an implication or intendment. 17 R. C. L. Secs. 12-16; 2 Jones on Real Property in Conveyancing, Sec. 1606; 25 Cyc. 1553; Hall v. Eastman, Gardiner & Co., 89 Miss. 588, 43 South. Rep. 2; Berry v. Marion County Lumber Co.,    S. C.    , 93 S. E. Rep. 328; Kentucky Coal & Timber Development Co. v. Carroll Hardwood Lumber Co., 154 Ky. 523, 157 S. W. Rep. 1109; Mitchell-Crittenden Tie Co. v. Crawford,      Okla., 160 Pac. Rep. 917; Garden City Stave & Heating Co. v. Sims, 84 Ark. 603, 106 S. W. Rep. 959; Liston v. Chapman & Dewey Land Co., 77 Ark. 116, 91 S. W. Rep. 27; McRae v. Stillwell, 111 Ga. 65, 36 S. E. Rep. 604, 55 L. R. A. 315; Houston Oil Co. of Texas v. Boykin, (Tex. Civ. App.) 153 S. W. Rep. 1176; Beatty v. Matheson, 40 Can. Sup. Ct. Rep. 557, 12 Ann. Cas. 913, and note; Eastern Kentucky Mineral & Timber Co. v. Swann-Day Lumber Co., 148 Ky. 82, 146 S. W. Rep. 438, 46 L. R. A. (N.S.) 672 and notes; 28 Am. & Eng. Ency. Law (2nd ed.) 542; Goodson v. Stewart, 154 Ala. 660, 46 South. Rep. 239; Ward v. Moore, 180 Ala. 403, 61 South. Rep. 303; Houston Oil Co. of Texas v. Hamilton, (Tex. Civ. App.) 153 S. W. Rep. 1194; Deerfield Lumber Co. v. Lyman, 89 Vt. 201, 94 Atl. Rep. 837; Howe v. Batchelder, 49 N. H. 204; Hoit v. Stratton Mills, 54 N. H. 109. See annotation 3 Brit. Rul. Cas. 873; Notes in 128 Am. St. Rep. 870; Flagler v. Atlantic Coast Lumber Corp., 89 S. C. 328, 71 S. E. Rep. 849; Carson v. Three States Lumber Co. (Tenn.) 91 S. W. Rep. 53.

The terms of the conveyance here considered differ in material respects from those in the cases cited and relied on by counsel for the appellant. In Butterfield Lumber

Co. v. Guy, 92 Miss. 361, 46 South. Rep. 78, the convey-
ance was of "all the green pine timber" on the described
land, with right to enter with log carts and log wagons
to remove said timber and a right of, way across a part
of the land "to be laid off at will and pleasure of" the
grantee. The case was followed in Forest Product &
Mfg. Co. v. Buckley, 107 Miss. 897, 66 South. Rep. 279,
where the conveyance of "all timber and timberlike trees
being, growing and standing upon the" described land
"with the right to enter, cut and remove the same at
pleasure." The Butterfield case did not overrule the
case of Hall v. Eastman, Gardiner & Co., *supra*.

In Lodwick Lumber Co. v. Taylor, 100 Tex. 270, 98
S. W. Rep. 238, there was a conveyance of "all the
timber on" the lands with no reference to a right to
enter or an intention to remove the granted timber.
This case was followed by a divided court in Chapman v.
Bearman,     Tex. Civ. App.    , 181 S. W. Rep. 808,
where there was a grant of a right to enter to remove
the timber. In North Georgia Co. v. Bebee, 128 Ga. 563,
57 S. E. Rep. 873, the right was to remove "at any
time." In Cobban Realty Co. v. Donlan, 51 Mont. 58,
149 Pac. Rep. 484, it was held if the grantor's original
conveyance of the timber was subject to removal within
a reasonable time, the subsequent grantee of the land
could not claim the timber which had been expressly
excepted from the grant to him. In Hicks v. Phillips,
146 Ky. 305, 142 S. W. Rep. 394, there was a reserva-
tion or exception from a conveyance of land of the
timber on a part of the land with no reference to a right
to enter or an intention to remove the timber,     ex-
cepted from the conveyance. In Hardman v. Brown,
West Va.    , 88 S. E. Rep. 1016, there was a time fixed
for the removal of reserved timber.

It will not be assumed on the prayer for a decree that the timber be removed "within a short date," that the Chancellor will unduly limit the time for removal.

What may be regarded as a reasonable time should be determined not by the arbitrary will of either the grantor or the grantee, but by a consideration of the location, nature, accessibility and uses of the land and the timber as well as all the other circumstances that attended the making of the conveyance. While the grantor should not be deprived of the use of the land longer than is necessary to protect the right of the grantee, yet in fixing a time limit the grantee should not be arbitrarily deprived of an opportunity to use the timber that has been paid for. If the facts averred in the answer are sustained the time allowed should be quite liberal.

What we have said disposes of the principles involved. It follows that the bill states a cause of action good as against the demurrer interposed and there was no error in overruling the demurrer to the bill.

With respect to the order sustaining the exceptions to the answer the case is different. Without setting out the portions of the answer, which are of considerable length, that were stricken we hold that the averments of paragraphs two (2), three (3), four (4), six (6) and ten (10) of the answer cannot be said to be wholly irrelevant and such as to have no bearing or influence upon the decisions of the question between the parties to this suit (Trustees Internal Improvement Fund v. Root, 63 Fla. 666, 58 South. Rep. 371; Jones v. Hiller, 65 Fla. 532, 62 South. Rep. 583; Wofford v. Dykes, 67 Fla. 118, 64 South. Rep. 451), and there was therefore error in this ruling.

The order overruling the demurrer is affirmed, but the order granting the motion to strike portions of the

answer is reversed for further proceedings not inconsistent with this opinion.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.