M. N. LIVINGSTON AND MARGARET LIVINGSTON, HIS WIFE, RANDALL LIVINGSTON AND J. T. HENRY, *Appellants*, v. DREW LUMBER COMPANY, A CORPORATION, AND WILSON CYPRESS COMPANY, A CORPORATION, *Appellees*.

Opinion Filed December 20, 1921.

1.  While parties may make a conveyance whereby one will be entitled to perpetual right to enter upon the land of the other and remove trees or timber thereby conveyed therefrom such an agreement is so unreasonable in its nature that no contract will be held to have this effect unless it is plainly manifest from its terms that such was the intention of the parties.

2.  A deed conveying trees or timber growing and standing upon land without stipulating the time within which it must be removed will be construed as implying that such removal shall be accomplished within a reasonable time, where the terms of the conveyance and the circumstances attending the transaction afford a just basis for an adjudication of such an implication or intendment.

3.  What may be regarded as a reasonable time for removing trees or timber from lands of another where no definite time within which it should be removed is expressed in the conveyance of such trees or timber will be determined not by the arbitrary will of either of the parties to the conveyance, but by a consideration of the terms, express and implied, of the conveyance the location and nature of the trees or timber conveyed, the quantity of same, transportation facilities available, accessibility of manufacturing plants adapted to its manufacture, and uses of the timber and land, as well as all other circumstances surrounding the transaction and the parties thereto.

4.  A timber deed conveyed the pine and cypress trees or timber of certain stated dimensions then upon the land described, the conveyance containing a provision that the

grantee should remove the pine trees or timber conveyed .off the land "within ten years" from the date of the deed and the cypress trees or timber when the grantee "so desires." *Held*; that the provision when the grantee "so desires" did not give the grantee a perpetual right to go upon the land for the purpose of cutting and removing such cypress trees or timber nor the right to remove such cypress trees or timber conveyed at its own convenience without regard to lapse of time, but in view of the circumstances surrounding the transaction should be construed. to mean a reasonable time and without unnecessary delay.

An Appeal from the Circuit Court for Taylor County; M. F. Horne, Judge.

Reversed.

. *W. B. Davis*, for Appellants;

*E. E. Haskell*, for Appellees.

WEST, J.—This suit was brought to have declared a for feiture of all rights and interests of defendants in certain pine and cypress timber held by them under deeds of conveyance made by M. N. Livingston and wife to defendant Drew Lumber Company; a corporation, and by Drew Lumber Company to Wilson Cypress Company, a corporation, for cancellation of such deeds as clouds upon complainants' title, and for general relief. Defendants demurred upon various grounds to the bill of complaint. The demurrers upon a hearing were overruled and defendants answered. Testimony was taken and upon final hearing a decree was entered dismissing the bill but without prejudice to the complainants or any one claiming under or through them.

The bill of complaint was filed on February 20, 1917. From the allegations of the bill it appears that on March 28, 1904, the complainants M. N. Livingston and Margaret Livingston, his wife, conveyed the pine and cypress timber trees of certain stated dimensions then upon the land described in the conveyance, 200 acres, to defendant Drew Lumber Company, together with right of entry and re-entry over and upon said land for the purpose of removing said timber, the stated consideration therefor being $1,000.00. This deed was recorded February 1, 1907. It contains the following provisions: ''It is further understood and agreed that the Drew Lumber Company, party of the second part, shall remove the said pine trees off of said land within ten years from the date of this agreement, removing the said cypress when the said Drew Lumber Company so desires.''

This timber with other timber was on July 26, 1904, conveyed by Drew Lumber Company to defendant Wilson Cypress Company with rights-of-way, over and across the land upon which it was located necessary and convenient for the purpose of removing said timber for a period of ninety-nine years from the date thereof. On February 12, 1914, M. N. Livingston and wife conveyed a part of said land to the complainant Randall Livingston, who on April 3, 1916, conveyed the same with the cypress trees and timber thereon to complainant J. T. Henry, thereby vesting in said complainant J. T. Henry all rights, if any, in said cypress trees and timber then possessed by said complainant Randall Livingston. On the same day M. N. Livingston and wife conveyed to complainant J. T. Henry the remainder of said land with the cypress trees and timber thereon, thereby vesting in said complainant J. T. Henry all rights, if any, in said cypress trees and timber then possessed by said complainant M. N. Livingston.

From the final decree dismissing the bill an appeal was taken to this court.  The controversy involves an interpretation of the quoted paragraph of the deed from complainants M. N. Livingston and wife to Drew Lumber Company.  Several questions of procedure are presented by assignments of error, but in the oral argument counsel for appellants stated that it was desirable that the case be considered on its merits and the controlling question determined.  It is not made to appear that there was error in the order overruling the demurrer to the bill or in any question of procedure.

The contention of complainants is that the legal effect of the quoted paragraph of the deed from M. N. Livingston and wife to Drew Lumber Company was to vest in the grantee the title to the cypress timber of the dimensions stated then upon the land described with the right to enter upon said land and cut and remove said described timber within a reasonable time from the date of the conveyance; that the question of what was a reasonable time for such cutting and removal of said timber depends upon the facilities available for the transportation of such timber and the means accessible for its manufacture into such form as to make it marketable; that in view of available transportation facilities and accessibility of plants for its convenient manufacture a reasonable time for its removal had elapsed before the institution of this suit, and that therefore all rights of defendants in such timber as was conveyed by said deed then remaining upon said land had been forfeited and that the deed of conveyance was a cloud upon complainants' title and should be cancelled.

On the other hand defendants, as we understand the record, contend first, that the deed from M. N. Livingston and wife to Drew Lumber Company conveyed to the

grantee the cypress trees of the dimensions stated then
upon the land described, together with the right, if not
perpetual for an indefinite period, to go upon such land
in such manner and by such means as might be necessary
and convenient for the purpose of cutting and removing
such timber, that the deed from Drew Lumber Company
to Wilson Cypress Company conveyed to the grantee the
cypress timber so described with the right for a period of
ninety-nine years thereafter to enter upon said land and
cut and remove such timber, that Livingston, the original
grantor, was without authority to do so and it would be
inequitable to permit him to terminate such indefinite
period without notice to his grantee and those claiming
under it with reasonable opportunity thereafter to enter
upon said land and cut and remove said timber, which
was not given; and second, that at the very least, under
the terms of the conveyance from M. N. Livingston and
wife to Drew Lumber Company defendants are entitled
to a reasonable time within which to enter upon said land
and cut and remove said timber therefrom, that what is
a reasonable time is not to be determined by the will of
said original grantor, but from a consideration of all the
facts and circumstances attending the transaction, and
that in view of the facts and circumstances surrounding
this transaction and the parties to it, as shown by the
pleadings and proof, a reasonable time had not elapsed at
the time of the institution of this suit; and therefore,
neither of such prerequisite conditions having been shown
to exist, complainants were not entitled to a decree for-
feiting defendants' right to enter upon said land and cut
and remove the timber conveyed and cancelling the con-
veyances to them as clouds upon complainants' title, but
that on the contrary, defendants' ownership of said tim-
ber, with the right of its uninterrupted enjoyment for the

period stated, was superior to any asserted claim by complainants.

In Cummer Co. v. Yager, 75 Fla. 729, 79 South. Rep. 272, we said; "Although it is generally held that the parties to an agreement may, if they choose, make a contract whereby one will be entitled to a perpetual right to enter upon the land of the other and remove timber therefrom, it has been held in the majority of the decisions, and as we have seen, this court is in accord with this holding, that such an agreement is so unreasonable in its nature that no contract will be held to have this effect unless it is plainly manifest from its terms that such was the intention of the parties; and therefore a deed conveying timber, without stipulating the time within which it must be removed, is usually construed as implying that such removal shall be within a reasonable time, where the terms of the conveyance or the circumstances attending the transaction afford a just basis for an adjudication of such an implication or intendment."

The conveyance of M. N. Livingston and wife to Drew Lumber Company is of a fee simple estate in the "pine and cypress timber trees over fourteen inches stump measure and at the date hereof standing and being or felled and lying" upon the land described and is coupled with the "right, privilege and license irrevocable to enter, reenter and pass over, across or through the said lands, or any part thereof for the purpose of felling or removing said timber trees." This language of the grant construed with the further provisions contained in it that the grantee "shall remove the said pine trees off of said land within ten years from the date of this agreement removing the said cypress when said Drew Lumber Company so desires" implies an intention of the parties to the conveyance that

the right granted to enter upon said land and cut and remove the timber conveyed should be exercised within a reasonable time and an obligation upon the part of the grantee and its successors and assigns to remove such timber within a reasonable time. Dowling Park Naval Stores Co. v. Houck, 64 Fla. 242, 59 South. Rep. 962; Young v. Camp Mfg. Co., 110 Va. 678, 66 S. E. Rep. 843; Brown v. Surrey Lbr. Co., 113 Va. 503, 75 S. E. Rep. 84; McRae v. Stillwell, 111 Ga. 65, 36 S. E. Rep. 604; Fletcher v. Lyon, 93 Ark. 5, 123 S. W. Rep. 801.

It is clear that while the time within which the cypress timber conveyed was intended to be cut and removed by the grantee, or its successor or assigns, may be indefinite, it is not interminable. The fact that the period of time for removing the pine timber was definitely fixed at ten years and the period allowed and given for removing the cypress timber was indefinite would seem to indicate that it was within the contemplation of and was the design of the parties to the deed that a longer time would be required for the exercise of the right given to remove the cypress timber conveyed than was required for the removal of the pine timber.

In Cummer Co. v. Yager, *supra,* it was held that "what may be regarded as a reasonable time should be determined not by the arbitrary will of either the grantor or the grantee, but by a consideration of the location, nature, accessibility, and uses of the land and the timber, as well as all the other circumstances that attended the making of the conveyance. While the grantor should not be deprived of the use of the land longer than is necessary to protect the right of the grantee, yet in fixing a time limit, the grantee should not be arbitrarily deprived of an opportunity to use the timber that has been paid for."

In view of the nature of the estate conveyed and privileges granted, the facts and circumstances surrounding the transaction and the parties thereto, that timber of certain specified sizes only at the date of the conveyance was conveyed, the convenient transportation facilities available for the removal of the timber and accessible manufacturing plants convenient and adapted for its manufacture and conversion into marketable products, the court is of the opinion that under the established doctrine in this and other jurisdiction announced in various opinions (McNair & Wade Lbr. Co. v. Parker, 64 Fla. 371, 59 South. Rep. 959; Cummer Co. v. Yager, *supra;* Eastern Ky. etc. Co. v. Swann-Day Lbr. Co., 148 Ky. 82, 146 S. W. Rep. 438, 46 L. R. A. (N. S.) 672) that an additional period of ten years after the expiration of the time for removing the pine would allow a reasonable time for cutting and removing the cypress timber conveyed. The court below must have entertained some such views as this and was impelled by similar considerations to enter a final decree dismissing complainants' bill without prejudice, upon the theory that at some later date complainants might be entitled to the relief prayed. The deed from M. N. Livingston and wife to Drew Lumber Company is dated March 28, A. D. 1904. By the express terms of this deed defendants were allowed to enter upon the land described and cut and remove the pine timber conveyed at any time from that date to March 29, A. D. 1914, ten years thereafter. An aditional ten year period for cutting and removing the cypress timber after the expiration of the ten-year period given for cutting and removing the pine timber would allow defendants to enter upon the land and cut and remove the cypress timber conveyed at any time before the 30th day of March, A. D. 1924, upon which date their estate would determine and all rights to such timber and the privileges to enter

upon the land and remove it would cease. Having reached the conclusion stated the court below may, under complainants' prayer for general relief, by final decree fix a date in accordance with the views expressed herein which shall be the end of a reasonable time within which said cypress timber shall be cut and removed from said land and after which all rights of defendants under their said conveyances shall be terminated and such conveyances shall be delivered up to be cancelled as prayed in said bill of complaint.

The decree will be reversed for further proceedings not inconsistent with this opinion.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.