WILSON CYPRESS COMPANY, a corporation, and DREW LUM-
BER COMPANY, a corporation, *Appellants*, vs. B. STEVENS
AND P. A. HUTCHINSON, *Appellees*.
134 So. 661.
Opinion filed September 20, 1932.

*J. V. Walton*, of Palatka, Solicitor for Appellants;

*Cone and Chapman* and *John F. Harrell*, Solicitors for
Appellees.

PER CURIAM.—This appeal is taken by appellants, who
were defendants below, from the final decree of the Circuit
Court of LaFayette County, rendered in the suit of B.
Stevens and P. A. Hutchinson, as complainants, vs. Wilson
Cypress Company, a Florida corporation, and Drew Lum-
ber Company, a Florida corporation, as defendants.

The original bill was filed December 5th, 1927; temporary
injunction was issued restraining Wilson Cypress Com-
pany from surveying the lands and girdling, felling and

removing the timber on the lands described in the bill; testimony was taken, and on February 6th, 1929, final decree was rendered finding the equities of the cause with complainants and decreeing that Timber Deeds, A and B to the bill, under which defendants claimed the cypress timber trees and a one-half interest in the hardwood, be cancelled because defendants did not exercise their rights thereunder and remove the timber from the land within a reasonable time.

The theory of the suit is that Timber Deeds A and B are no longer of force and effect and should be removed as clouds on complainant's title to the lands described in the bill.

It appears that on and prior to May 28th, 1904, the defendant, Drew Lumber Company, owned an undivided one-half title and interest in the lands and timber in question, and that J. W. Hinson, W. W. Beach, W. R. Beach and R. K. Taylor together then owned the remaining undivided one-half title and interest in said lands and timber; that on May 28th, 1904, said Hinson, Beaches and Taylor executed and delivered to defendant, Drew Lumber Company, Timber Deed A., and that thereafter, on July 26th, 1904, the defendant, Drew Lumber Company, executed and delivered to the defendant Wilson Cypress Company Timber Deed B.

Complainants are remote grantees of the lands. They acquired title to the lands in June 1927.

Complainants in and by the bill allege and claim: (1) that Timber Deed A was fraudulently altered after execution and delivery and before recordation; and (2) that Timber Deeds A and B only allowed a reasonable time within which to cut and remove the timber from the lands and that such reasonable time for removal had elapsed before the filing of the bill of complaint.

The answer of Wilson Cypress Company denies the

material allegations of the bill and sets forth: (1) that Timber Deed A to Drew Lumber Company was an absolute conveyance of an undivided one-half interest in the cypress timber trees with a perpetual grant of a license to enter and an easement over and across the land for the purpose of removing said timber; and that Timber Deed B from Drew Lumber Company to Wilson Cypress Company was an absolute conveyance of all the cypress timber and of an undivided one-half interest in the hardwood timber, with the right to enter and remove such timber within ninety-nine years; (2) that a reasonable time for removal of the timber, under the facts and circumstances as set forth in the answer, had not elapsed.

With regard to the alleged fraudulent alteration of Timber Deed A, the parties to this cause and those under whom they claim have waited twenty-five years to offer evidence of the alleged alteration.

It appears that J. W. Hinson and R. W. Taylor, on August 15th, 1919, filed a bill in the Circuit Court of LaFayette County, Florida, against Drew Lumber Company and Wilson Cypress Company, alleging the identical alteration in Timbar Deed A that is set up in the bill of complaint in this cause; and that both Drew Lumber Company and Wilson Cypress Company, in May, 1920, filed their separate answers therein specifically denying the allegations thereof relating to the alleged alteration; and that George Drew, President of Drew Lumber Company, defendant herein, was then living and specifically and categorically denied under oath every allegation of the bill relating to the alleged alteration. The record discloses that both Taylor and Hinson were living at that time and made no move to proceed further with the cause. No testimony appears to have been taken in the cause. It appears that complainants in such former suit, as also George Drew, President of Drew Lumber Company, are now dead.

Five days before institution of the suit at bar, an order was procured in such former suit reciting that it was "dismissed without prejudice."

There is some slight testimony in the record in this case tending to show that Timber Deed A may have been altered, but it is so flimsy and of such an unsatisfactory nature that we are unable to conclude that there was any alteration or change in Timber Deed A after it was delivered.

Timber Deed A was of "all the *cypress timber trees* at the date hereof standing and being or felled and lying" upon the lands, "with the right, privilege and license irrevocable to enter, re-enter, pass over, across or through the said lands, or any part thereof, for the purpose of felling and removing said timber trees." "And also all the estate, right, title, interest * * * of the parties of the first part of, in and to said *timber trees,* and the way or ways, over, upon or across said lands for * * * removing the said timber." "To have and to hold said *timber trees,* rights, privileges and license and the way or ways unto the said party of the second part, and its successors and assigns * * * forever."

It is settled here that it is perfectly competent for parties owning land to convey timber growing upon it and grant a perpetual right to the purchaser to enter upon the lands for the purpose of removing the timber therefrom.

McNair & Wade Land Co. vs. Adams, 54 Fla. 550, 45 So. 492; Cawthon vs. Stearns-Culver Lumber Co., 60 Fla. 313, 53 So. 738; Fletcher vs. Moriarty, 62 Fla. 482, 56 So. 437; Cummer Co. vs. Yeager, 75 Fla. 729, 79 So. 272; Livingston et al. vs. Drew Lumber Co., 82 Fla. 508, 90 So. 466; Roux vs. Houk, 101 Fla. 64, 133 So. 853.

But it is equally well established that because such an agreement is so unreasonable in its nature, no conveyance will be construed as granting a perpetual right to enter

upon and cut and remove timber from the land of another unless it is plainly manifest from the terms of the conveyance that such was the intention of the parties. McNair & Wade Land Co. vs. Adams, supra.

A deed conveying timber growing and standing upon land without stipulating the time within which it must be removed will be construed as implying that such removal shall be within a reasonable time where the terms of the conveyance or the circumstances attending the transaction afford a just basis for an adjudication of such an implication or intendment. Cummer Company vs. Yeager, supra.

What may be regarded as a reasonable time for removal of growing and standing timber from the lands of another where no time within which it shall be removed is stipulated in the deed conveying it, should be determined not by the arbitrary will of either grantor or grantee but by a consideration of the location, nature, accessibility and uses of the timber and land as well as all other circumstances that attended the making of the conveyance. Cummer Co. vs. Yeager, supra.

The most that the appellants can lawfully claim under Timber Deed A, is the right to remove ''all the cypress timber trees (at the date of the conveyance) standing and being, or felled and lying upon the lands.'' If all the cypress timber trees standing or lying on the lands at the date of the conveyance have not been removed, they may be removed if the delay in removing is not unduly delayed. What were ''cypress timber trees'' standing or lying on the lands at the date of the conveyance is a fact to be ascertained in due course of procedure. Cypress growth that was not ''cypress timber trees'' at the date of the conveyance cannot be lawfully claimed under Timber Deed A. The purpose of this Conveyance was to convey ''cypress timber trees,'' not ''cypress growth'' that would afterwards become ''timber trees'' on the grantor's land.

Timber Deed B from Drew Lumber Company to Wilson Cypress Company was of "all the cypress at the date hereof standing and being, or felled and lying * * * and * * * hardwood timber in cypress swamps and ponds * * * with * * * right-of-way, irrevocable * * * upon said lands * * * for the purpose of obtaining and using said timber for and during the period of ninety-nine years * * * from, * * * date."

"To have and to hold said timber, trees, rights and privileges and licenses unto the said party of the second part and its successors and assigns * * * forever."

Timber Deed B fixes the time for removing the timber * * * "for and during the period of ninety-nine years * * * from * * * date."

As to the title and interest of defendant Wilson Cypress Company in the timber which they acquired independently of the Timber Deed A, we are not prepared to say, but that the fixed time in Timber Deed B of ninety-nine years for removal is reasonable in its nature.

The evidence herein shows that cypress timber is of very slow growth, requiring sometimes more than a century for young trees to reach a size suitable for logging or lumbering purposes. It appears that the timber here involved is growing on low or marshy lands, which lands while useful for pasturage, are unfit for farming or the usual purposes of husbandry.

Whatever growth the timber may have taken from the lands during the period of twenty-three years from the date of Timber Deed A to the granting of the temporary injunction herein must have been slight and of little, if any, depreciation caused to the soil of the previous owner. It also appears that the complainant herein would not be harmed to any great extent by further time for removal of the timber and trees, also that the defendant Wilson

Cypress Company was attempting to remove the timber at the time of the institution of the suit.

Complainants appear not to have bought the land until a short time before the institution of this suit, and it nowhere appears that they paid any consideration for the timber. It does not appear that complainants will suffer any loss of any consequence if defendants be allowed further time for removal, and upon a review of the evidence and consideration of all the facts and circumstances involved herein, we are inclined to be quite liberal in determining what is a reasonable time for removal of the timber from the lands.

We have concluded that an additional period of five years would allow a reasonable time for cutting and removing the timber conveyed.

Having reached the conclusion stated, the final decree is hereby reversed and the cause is remanded, with directions to the court below to enter a decree fixing and allowing the defendant Wilson Cypress Company a further time of five years from the date of such decree in which to enter upon the lands and cut and remove all remaining timber to which it acquired title under Timber Deeds A and B.

The decree will therefore be reversed for further proceedings consistent herewith. ·

BUFORD, C.J. AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

ELLIS, J.,: I agree to a reversal of the decree without qualification.