56 So.2d 515 (1952)
FRIEDMAN et al.
v.
VIRGINIA METAL PRODUCTS CORP.
Supreme Court of Florida, Division B.
January 29, 1952.
Rehearing Denied February 23, 1952.
Julius I. Friedman, Miami Beach, for appellants.
Watkins & Cohen, Tallahassee, and Walter C. Kovner, Miami Beach, for appellee.
MATHEWS, Justice.
The appellee sued the appellants in the Circuit Court of Dade County on a written guarantee which reads as follows: "I hereby personally guarantee the account of Shore Equipment & Supply Co. of Florida, Inc., located at 3164 North Miami Avenue Miami, Florida; this guarantee to cover all materials purchased by Shore Equipment & Supply Co. of Florida, Inc., from Virginia Metal Products Corporation."
The record shows that a demurrer to the original declaration was sustained, and thereupon an amended declaration was filed. The record does not disclose the contents of the original Declaration. The Amended Declaration alleged in Count I: "Defendants did guarantee the Plaintiff payment for all materials purchased from Plaintiff by Shore Equipment & Supply Co. of Florida, Inc., and that said guarantees were intended to guarantee payment to Plaintiff of all materials purchased by Shore Equipment & Supply Co. of Florida, Inc., from Plaintiff in the past and all materials to be purchased by Shore Equipment & Supply Co. of Florida, Inc., from Plaintiff in the future." (Italics supplied.) And alleged in the Second Count of said Amended Declaration: "On the 6th day of December, 1948, the Defendants, in order to induce the Plaintiff to continue to sell Shore Equipment & Supply Co. of Florida, Inc., its materials, did execute and deliver to the Plaintiff their guarantees whereby the Defendants did guarantee to the Plaintiff the account of Shore Equipment & Supply Co. of Florida, Inc., which said guarantees covered all of the materials purchased in the past and to be purchased in the future by Shore Equipment & Supply *516 Co. of Florida, Inc., from the Plaintiff." (Italics supplied.) And further alleged in said Counts: "Copies of said guarantees are attached hereto and marked Plaintiff's Exhibits I and II, respectively."
It should be noted that in the Amended Declaration the appellee did not rely upon the words of the guarantee, but in each count supplemented the guarantee by alleging "said guarantees were intended to guarantee payment to the plaintiff of all materials purchased by Shore Equipment & Supply Co. of Florida, Inc. from plaintiff in the past and all materials to be purchased * * * in the future".
The defendants demurred to each count of the Amended Declaration and set forth among other things the following:
"There is a variance between the allegations in said count and the Plaintiff's Exhibits I and II."
"The allegations in said count seek to contradict, alter and vary the terms of Plaintiff's Exhibits I and II."
"Said count does not allege an account stated between the Plaintiff and Shore Equipment & Supply Co. of Florida, Inc.".
This demurrer to the Amended Declaration was overruled and the appellants in due course filed pleas to each count of the Amended Declaration. Among other things these pleas denied: (1) that the appellee sold the certain quantities of merchandise as alleged, (2) that the appellants purchased the certain quantities of merchandise as alleged, (3) that they did guarantee as alleged, and (4) that they ever intended to guarantee as alleged.
At the trial of the cause the construction of the written guarantee above set forth became the material issue. It was contended by the appellants that the guarantee properly construed, meant that it was limited to "all materials purchased" at the time of the execution and delivery of the written guarantee.
It was contended by the appellees, as shown by Counts I and II of the Amended Declaration above set forth, that "said guarantees were intended to guarantee payment to plaintiff of all materials purchased * * * from plaintiff in the past and all materials to be purchased * * * from plaintiff in the future".
There appears to have been no dispute between the parties that the words "guarantee the account of Shore Equipment & Supply Co. of Florida, Inc." was limited to an account to cover "all materials purchased" from the appellee. In other words, it was not to cover materials purchased from someone else, but the account was to cover only "materials" purchased from appellee. The real dispute arose as to the construction to be placed upon the word "purchased".
The trial judge determined that the word "purchased" was clear, definite and unambiguous, and included all materials "purchased in the past" and all materials to be "purchased in the future", and would not permit parol testimony about the contract on the theory that it would change, alter or vary the terms of a written instrument.
It is a cardinal rule, that the construction of all written instruments, is a question of law and belongs to the courts, provided: "the language used is clear, plain, certain, undisputed, unambiguous, unequivocal, and not subject to conflicting inferences". See 53 Am.Jur., Sec. 268 on Trials, p. 227, and Wigmore on Evidence (3d ed), Sec. 2556, p. 523.
The important question to be determined here is whether or not the word "purchased" under the circumstances developed in this case, is clear, plain, certain, undisputed, unambiguous, unequivocal, and not subject to conflicting inferences.
The trial judge was correct in excluding parol testimony to vary or change the terms of a written instrument if the terms of that instrument were clear and unambiguous. On the other hand, if the word "purchased" was not clear and unambiguous, then parol testimony was admissible for the purpose, not of changing or varying the terms of the written instrument, but to elucidate, explain or clarify the words used. See Jacobs, Adm'r v. Parodi, 50 Fla. 541, 39 So. 833; Wofford v. Dykes, 67 Fla. 118, 64 So. 451; Schmitt v. Bethea, 78 Fla. 304, 82 So. 817; McClure v. Century Estates, Inc., 96 Fla. 568, *517 120 So. 4; and Estate of R.S. Hall, Inc., v. University Realty Co., 97 Fla. 639, 121 So. 808.
The appellants strongly contend that the word "purchased" has a definite meaning and that it is unambiguous. Their contention is that the word "purchased" is in the past tense and can have no meaning other than goods "purchased" up to the time of the execution and the delivery of the guarantee. In their brief they have quoted extensively from dictionaries and standard works on grammar to the effect that the word "purchased" applies only to purchases made up to the time of the execution and delivery of the contract and in order for the word to apply to future purchases, it would have been necessary to supply some prefix to the word. If these definitions from standard dictionaries and works on grammar were to be used alone and without reference to the facts and circumstances of this case and without reference to decided cases, we would be inclined to agree with the appellants.
There are other considerations besides these definitions from standard dictionaries and works on grammar. The ambiguity of the very word "purchased" was discussed in the case of State v. Ware, 71 N.J.L. 53, 58 A. 595, 596, where it appeared that the alleged false statement was a statement that a certain company had "purchased" from a certain person a farm for $4,000, and another was the statement that it had "purchased" a farm from another person for $2,700. The Court said: "Whether the proof justified a finding of the falsity of the statement that these farms had been purchased depends upon the meaning to be given to the word `purchased.' It may mean a completed transaction, as the state contends, or it may mean a transaction still incomplete. It is unnecessary to resolve this doubt on the present record, for the judgment must be reversed upon another ground."
Under the particular circumstances of Tennessee Valley Authority Act, 16 U.S.C.A. § 831 et seq., providing for payment in lieu of taxes on property "purchased" by the Authority, "`purchased' includes property already acquired and property to be purchased, * * *". Tennessee Valley Authority v. Polk County, Tenn., D.C. Tenn., 68 F. Supp. 692, 695.
A word or phrase in a contract is "ambiguous" only when it is of uncertain meaning, and may be fairly understood in more ways than one. Dorsey v. Clements, 202 Ga. 820, 44 S.E.2d 783, 173 A.L.R. 509.
The term "ambiguous" means susceptible of more than one meaning. Ray v. Mutual Benefit Health & Acc. Ass'n, Mo. App., 220 S.W.2d 622, 626.
"Language is ambiguous where it is susceptible of interpretation in opposite ways." J.E. Blank, Inc., v. Lennox Land Co., 351 Mo. 932, 174 S.W.2d 862, 868.
Where either general language or particular words or phrases used in insurance contracts are "ambiguous", that is, doubtful as to meaning, or, in the light of other facts, reasonably capable of having more than one meaning so that the one applicable to the contract in question cannot be ascertained without outside aid, extrinsic evidence may be introduced to explain the ambiguity. Hall v. Equitable Life Assur. Soc. of the United States, 295 Mich. 404, 295 N.W. 204, 207.
A contract is ambiguous when it is reasonably or fairly susceptible to different constructions. 17 C.J.S., Contracts, § 294, p. 685.
We, therefore, hold that the word "purchased" in this contract and under the circumstances of this case is ambiguous, and that parol testimony may be received, not to vary or change the terms of the contract, but to explain, clarify or elucidate the word "purchased" with reference to the subject matter of the contract, the relation of the parties, and the circumstances surrounding them, when they entered into the contract and for the purpose of properly interpreting, or construing, the contract. It was error to exclude parol testimony for this purpose.
Having reached the above conclusion, and as there must be another trial of this cause, it is unnecessary for us to pass upon the other assignments of error.
*518 The order denying a new trial should be set aside and the motion for new trial granted.
Reversed for further proceedings in accordance with this opinion.
SEBRING, C.J., and CHAPMAN and ROBERTS, JJ., concur.