409 So.2d 1188 (1982)
ROY JORGENSEN ASSOCIATES, INC., Appellant,
v.
Hector J. DESCHENES, Appellee.
No. 80-1588.
District Court of Appeal of Florida, Fourth District.
February 17, 1982.
*1189 David W. Trench of Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff, P.A., Miami, for appellant.
Richard W. Smith of Johnson & Smith, P.A., Fort Lauderdale, for appellee.
OWEN, WILLIAM C., Jr., (Retired), Associate Judge.
Mr. Deschenes, alleging that his contract of employment with appellant for a fixed term had been wrongfully terminated, recovered a money judgment against appellant following a non-jury trial. We conclude that the trial court erred in construing the employment as one for a fixed term, and we therefore reverse the judgment for appellee.
Appellant ("Jorgensen") is an engineering and management consulting firm working with ministries of highways in countries throughout the world. Deschenes, an engineer with prior experience in international trade and some background in the French and Spanish languages, was hired by Jorgensen as an equipment maintenance specialist for a highway project in Ecuador. At Deschenes' request, Jorgensen wrote a letter confirming the offer of employment. This letter, asserted by Deschenes to be the contract of employment, contained no express provision relating to the duration of the employment. However, it did state, "on or about October 31 you will be assigned to our Ecuador Highway Maintenance Technical Assistance Project in the capacity of Highway Maintenance Equipment Engineer for a period of 28 months," language which appellee contended and the court held was intended to create a contract of employment for a definite period of not less than 28 months. Mr. Deschenes went to Ecuador to commence his duties, but almost immediately a representative of the Ecuadorian government requested appellant to withdraw Mr. Deschenes from the project because of his inability to effectively communicate in the Spanish language. Appellant complied with the request, and being unable to otherwise utilize Mr. Deschenes in its organization, discharged him.
Prior to trial the parties stipulated that the trial court should determine, as a matter of law, whether the contract of employment, i.e., the confirmation letter, was a contract of employment for a specific or definite term, or whether it was a contract *1190 of employment for an indefinite term (and thus terminable at will). Appellant contends that the trial court's determination that the contract was one of employment for a specific term was error, and we agree.
Both parties agree that it is settled law in Florida that an employment contract which does not contain a definite term of employment is terminable at the will of either party without cause. Knudsen v. Green, 116 Fla. 47, 156 So. 240 (1943); Russell & Axon v. Handshoe, 176 So.2d 909 (Fla. 1st DCA 1965); Hope v. National Airlines, 99 So.2d 244 (Fla. 3d DCA 1957); 21 Fla.Jur. Contracts § 6. The parties are also in accord that the duty of construing an employment contract, as with other contracts, is that of the court. Russell & Axon v. Handshoe, supra; Paddock v. Bay Concrete Industries, Inc., 154 So.2d 313 (Fla. 2d DCA 1963).
The only language in the contract which would conceivably sustain a finding of a definite term is the following:
On or about October 31 you will be assigned to our Ecuador Highway Maintenance Technical Assistance Project in the capacity of Highway Maintenance Engineer for a period of 28 months.
Although no Florida case has come to our attention in which the significance of this type language has been considered, appellant cites Buian v. J.L. Jacobson Company, 428 F.2d 531 (7th Cir.1970) as a case involving an employment letter with strikingly similar language. There, a summary judgment in favor of the defendant employer was affirmed, the court stating, at p. 533:
Plaintiff relies on the wording of the January 27, 1964, agreement which provides that "It is scheduled that your assignment in Saudi Arabia will continue for a period of eighteen (18) months" to support his contention that the parties intended a contract of specific duration. We construe this phrase as merely one of expectation and not sufficient to insert any ambiguity into an otherwise customary employment relationship terminable at will.
We likewise view the quoted language of the contract in this case as being merely language of expectation, not as a definite period of employment. When we consider the meaning of the employment contract from a general view of the entire writing, as we should, Paddock v. Bay Concrete Industries, Inc., supra, we find elsewhere in the confirmation letter language stating, "In addition to monetary compensation, as a permanent employee of the firm, you will receive the following benefits ...", among which is reference to annual leave based on length of service which includes "... three weeks per year after the first five years." The reference to Mr. Deschenes being a "permanent employee" and the reference to the amount of annual leave to which he would become entitled after five years' service are totally inconsistent with a construction of the employment agreement being for a definite term of 28 months; rather, such provisions are entirely consistent with the construction which we place upon the contract, that is, it was a contract for permanent employment with no definite duration specified, the 28 month assignment to Ecuador being merely one of expectation of the initial assignment.
Our disposition of this point on appeal makes it unnecessary to consider the other points raised by appellant relating to whether the contract implied reasonable proficiency in the Spanish language as a condition of employment and whether, in fact, Mr. Deschenes demonstrated the necessary degree of proficiency in the Spanish language to fulfill all conditions precedent to his employment.
The judgment is reversed and this cause remanded with instructions to enter judgment for the defendant appellant.
REVERSED AND REMANDED.
BERANEK and HERSEY, JJ., concur.