590 So.2d 1100 (1991)
Kenneth L. KASWECK, Appellant,
v.
FLORIDA INSTITUTE OF TECHNOLOGY, Appellee.
No. 91-670.
District Court of Appeal of Florida, Fifth District.
December 27, 1991.
*1101 Vincent G. Torpy, Jr. of Frese, Fallace, Nash & Torpy, P.A., Melbourne, for appellant.
Wayne L. Helsby and Susan Potter Norton of Hogg, Allen, Norton & Blue, P.A., Orlando, for appellee.
PETERSON, Judge.
Kenneth L. Kasweck appeals a final summary judgment rendered in favor of his former employer, Florida Institute of Technology (F.I.T.). Kasweck sought damages for breach of an employment contract. We agree with Kasweck's allegations that the grant of summary judgment was premature. We therefore vacate the judgment and remand for the determination of factual issues.
Kasweck had been employed by F.I.T. as an assistant professor of biological science under a series of written contracts beginning in 1973. Those contracts had expired before the formation of the one that is the subject of this appeal. On April 1, 1987, F.I.T. delivered a letter to Kasweck, confirming his appointment as associate professor of biological science for the 1987-1988 academic year beginning September 14, 1987, and ending June 11, 1988. The letter specified Kasweck's duties, the payment dates of his salary, and that the assignment was full time. The letter also stated that Kasweck's acceptance would indicate that he would abide by the policies stated in the "Faculty Handbook (dated September 1986)." At the bottom of the letter just above a line for Kasweck's signature was a summary of the terms indicating that his term of employment was for "3 Year" [sic], that it was to begin in the fall of 1987, that the next review date would be in the spring of 1989, and that his salary for 1987-1988 would be $29,640.
On March 31, 1988, F.I.T. informed Kasweck that his employment was terminated effective April 15, 1988. Subsequently, Kasweck brought suit against F.I.T., alleging breach of an employment contract. F.I.T. claimed that no definite term of employment existed, and, therefore, no legally enforceable contract could exist.
F.I.T. primarily relies upon Roy Jorgensen Associates, Inc. v. Deschenes, 409 So.2d 1188 (Fla. 4th DCA 1982), to support the trial court's grant of the motion for summary judgment. In Jorgensen, the employee received an offer of employment stating that "on or about October 31 you will be assigned to our Ecuador Highway Maintenance Technical Assistance Project in the capacity of Highway Maintenance Equipment Engineer for a period of 28 months." Id. at 1189. The employee argued that this language demonstrated an intent to create a contract for a definite period of not less than twenty-eight months. The district court disagreed finding the agreement to have created merely an expectation of employment. The court noted other language in the offer, which indicated that the employee was a permanent employee and that he would receive annual leave of three weeks per year after the first five years, was inconsistent with an interpretation that the contract was for a fixed period of twenty-eight months.
The employer/appellant (Raytheon) in Raytheon Subsidiary Support Co., Inc. v. Crouch, 548 So.2d 781 (Fla. 4th DCA 1989), found that its reliance on Jorgensen was misplaced when an employee agreed to employment for a 24-month assignment in Saudi Arabia. The written agreement also provided for extension of the assignment for periods of not less than one year upon mutual agreement. About two months into an extension, the employee was terminated. The district court applied the six rules of contract construction set forth in Maines v. Davis, 491 So.2d 1233 (Fla. 1st DCA 1986), *1102 and found an employment contract existed for a fixed duration. The Raytheon opinion notes that a specific minimum duration of employment was referred to repeatedly in the documents and that the one-year extension began on a date certain.
The instant case is more akin to Raytheon than to Jorgensen. Kasweck's appointment was specifically for the 1987-1988 academic year, beginning and ending on dates certain; his duties were specific; the amount of salary and the dates of payment were precise; and the appointment was described as a full-time assignment. If the employment letter had contained no further terms, Raytheon would have been precedent for finding in favor of Kasweck. However, the inclusion of a three-year appointment beginning in the fall of 1987, a review date of spring of 1989, the absence of any mention of a salary amount for any employment beyond June 11, 1988, and the long history of employment creates issues of fact that precluded a grant of a motion for summary judgment in favor of Kasweck. In Friedman v. Virginia Metal Products Corporation, 56 So.2d 515 (Fla. 1952), the supreme court stated, "It is a cardinal rule that the construction of all written instruments is a question of law and belongs to the courts provided: "The language used is clear, plain, certain, undisputed, unambiguous, unequivocal, and not subject to conflicting inferences.'" Id. at 516, citing 53 Am.Jur. § 268, Trials, p. 227, and Wigmore on Evidence, Third Edition, § 2556, p. 523. In the instant case, the inconsistencies of the term of appointment and the 1989 review date, which was beyond the term of the current academic year, created disputed, ambiguous, and conflicting inferences to be resolved by the trier of fact.
The final judgment is vacated, and this cause is remanded for further proceedings. Our decision renders moot the issue raised by Kasweck whether the court abused its discretion in granting F.I.T.'s motion to amend its answer after the hearing on the first motion for summary judgment. We note that the trial court offered to delay a trial for the benefit of plaintiff after allowing the amendment to the answer that was perhaps inartfully drawn and totally inconsistent with the course of defense maintained by F.I.T.
Judgment VACATED; REMANDED.
GOSHORN, C.J., and COWART, J., concur.