727 So.2d 1128 (1999)
Steven F. STORY, Appellant,
v.
Joy McCann CULVERHOUSE, Jack F. Donlan, and Fred M. Cone, Jr., individually and in their capacity as Trustees of the Hugh F. Culverhouse Trust the Hugh F. Culverhouse Trust, Gay Culverhouse, and The Culverhouse Family Foundation, Inc., Appellees.
No. 98-01774.
District Court of Appeal of Florida, Second District.
March 17, 1999.
*1129 Guy M. Burns and Jonathan S. Coleman of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, for Appellant.
Lawrence A. Kellogg and Kathy Adams Gibbs of Tew, Cardenas, Rebak, Kellogg, Legman, DeMaria & Tague, Miami, for Appellee, Joy McCann Culverhouse.
CASANUEVA, Judge.
In yet another appeal from the so-called "global settlement agreement" between the parties, Steven Story appeals an order denying his motion to enforce the settlement agreement. Mr. Story contends that the trial court erred in determining that his employment is terminable at will. We agree and reverse.
The settlement agreement, resolving numerous and complex issues between the parties, was signed on February 18, 1997, and was approved by order entered on February 19, 1997. The order approving settlement agreement contained a retention of jurisdiction clause to enforce the terms of the settlement agreement. Among the terms of the settlement agreement is paragraph 8, which provides:

Trust Manager Services. For a period of one (1) year beginning on the Settlement Closing Date, Stephen F. Story shall continue to fulfill all his duties as manager of the Trust. Mr. Story agrees to continue to perform the requirements, duties and services under paragraphs 4 and 5 of the Employment Agreement except as such requirements, duties and services are reasonably modified by the Successor Trustee from time to time. In consideration for such services, Mr. Story shall receive a salary of $244,000 which amount shall be paid in equal monthly installments of $20,333. In addition, the Successor Trustees may pay to Mr. Story such bonuses as they deem appropriate.
On May 19, 1997, the Culverhouse Family Trust (Trust) faxed a letter to Mr. Story purporting to terminate his services as trust manager. Mr. Story, contending this action was a violation of paragraph 8 of the settlement agreement, filed a motion to enforce settlement agreement. In denying the motion, the trial court concluded the parties *1130 intended paragraph 8 to be a severable employment contract. Further, because Mr. Story's employment was indefinite and anticipatory, the trial court held it could be terminated at the Trust's will.
Thus, this appeal presents two issues regarding the meaning of paragraph 8 of the settlement agreement: first, whether that paragraph is severable from the settlement agreement and, second, whether it provides for an employment agreement terminable at will. We answer each question in the negative.
In construing the terms of a settlement agreement, a court is required to review the entire instrument and to give effect to every provision contained in the contract. See Treasure Salvors, Inc. v. Tilley, 534 So.2d 834 (Fla. 2d DCA 1988); South Fla. Beverage Corp. v. Figueredo, 409 So.2d 490 (Fla. 3d DCA 1981). Our construction of the settlement agreement in accordance with those rules yields the conclusion that the parties intended one unseverable contract. To effect its "global" intention, the settlement agreement specifically provided that it was a single agreement (paragraph 14.g); that it was contingent upon the many mutual promises contained within it; that it would resolve, with mutual releases, the existing litigation between the parties; and that it would provide for changes to the Trust management as well as for the continuity of its functioning. In the latter regard, the existing managers were to resign, new managers were to be appointed and, to ensure continuity, Mr. Story was to be retained for a term of one year. The agreement was specific as to his remuneration and his duties, which the trust managers could alter. Accordingly, we determine that the settlement agreement's obligations were mutual and interrelated and that the parties did not intend to create a divisible agreement. See Don L. Tullis and Associates, Inc. v. Benge, 473 So.2d 1384 (Fla. 1st DCA 1985).
Next, we address whether paragraph 8 constitutes an employment contract terminable at will. The general rule in Florida is that an employment contract for an indefinite term is at will and may be terminated by either party. See Lurton v. Muldon Motor Co., 523 So.2d 706 (Fla. 1st DCA 1988); Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983). However, when a contract for employment provides a definite duration, the employment contract is enforceable. See Raytheon Subsidiary Support Co. v. Crouch, 548 So.2d 781 (Fla. 4th DCA 1989); Maines v. Davis, 491 So.2d 1233 (Fla. 1st DCA 1986).
An examination of paragraph 8 supports the conclusion that the contract is for a definite term. First, the term of one year is specifically set forth; second, the total remuneration for the term is specified; third, the methodology of payment is identified as monthly; and fourth, the start date of the contract is clearly identifiable.
The Trust contends that a different conclusion under Roy Jorgensen Associates, Inc. v. Deschenes, 409 So.2d 1188 (Fla. 4th DCA 1982), and Kasweck v. Florida Institute of Technology, 590 So.2d 1100 (Fla. 5th DCA 1991), is mandated. We disagree. In Jorgensen, the employment contract contained language of expectation rather than an express provision of duration. In Kasweck, the employment terms in the signed letter agreement were ambiguous. Initially, the agreement in Kasweck provided for a term of employment for an academic year but later its language referred to a three year term of employment. Here, there is no such ambiguity. The contract has both a definite starting date and term of employment. In this respect, the contract is like that referred to in Raytheon. Like the court in Raytheon, we have applied the rules of contract construction set forth in Maines v. Davis, and, like the court in Raytheon, we conclude the facts of this case indicate an employment contract for a definite duration.
Finally, Mr. Story contends that his employment contract cannot be terminated. We disagree. If his misfeasance or malfeasance can be proved, the Trust would be entitled to terminate his services.
Reversed and remanded with instructions.
PATTERSON, A.C.J., and WHATLEY, J., Concur.