ANTOON, C.J.
After the City of Cocoa (City) terminated Eric J. Liffs employment as Chief of Police, Mr. Liff sued the City alleging breach of an employment contract, breach of statutory duty with regard to the City’s collective bargaining agreement with its police officers, and violation of his due process rights guaranteed by Article 1, section 9, of the Florida Constitution. The trial court entered summary final judgment in favor of the City, determining that Mr. Liff was an at will employee and therefore possessed no property interest in his employment. We affirm.
The law in Florida is clear that, “[i]n the absence of a specific statute granting a property interest, a contract of employment (implied or express) which is indefinite as to term of employment is terminable at the will of either party without cause and an action for wrongful discharge will not lie.” Kelly v. Gill, 544 So.2d 1162, 1164 (Fla. 5th DCA), rev. denied, 553 So.2d 1165 (Fla.1989), cert. denied, 494 U.S. 1029, 110 S.Ct. 1477, 108 L.Ed.2d 614 (1990).
When he was hired, Mr. Liff signed a letter accepting the City’s offer of employment as an at will employee. Such employment was consistent with the City’s Charter which provides that, as a department head, the chief of police “shall serve at the will of the City Manager”, as well as the City’s Personnel Policy Handbook which states that “[department heads serve at the pleasure of the City Manager and under the provisions of the City of Cocoa’s Charter ... [and] may be terminated with or without cause and with or without notice at any time at the option of the City Manager.” Thus, it is clear that Mr. Liff was hired as an at will employee.
*442 Approximately five months after he was hired, Mr. Liff received a letter from the City Manager. The letter, which was sent without the approval of the City Council, stated that: “Eric J. Liff, as Chief of Police, is entitled to all the rights of a police officer.” It also provided that the letter was intended to “supplement, not replace” the original letter of employment. Mr. Liff argues that by sending him this supplemental letter the City changed the nature of his employment status from an at will employee to that of an employee under the City’s collective bargaining agreement. We disagree.
In order to give the supplemental letter the interpretation suggested by Mr. Liff we would have to conclude that it, at least in part, modified or replaced the specific provision of the original letter of employment with regard to the nature of his employment. However, the supplemental letter specifically states that it is not intended to replace Mr. Liffs original employment agreement. Furthermore, the supplemental letter does not contain an express reference to an agreement of a period of employment and therefore lacks the definiteness and certainty required to be an enforceable employment contract. See Hesston Corp. v. Roche, 599 So.2d 148, 151 (Fla. 5th DCA 1992). Moreover, the letter of employment together with the supplemental letter does not create any inconsistency and therefore the trial court was correct in granting summary judgment in favor of the City. Cf. Kasweck v. Florida Institute of Technology, 590 So.2d 1100 (Fla. 5th DCA 1991) (holding that genuine issues of material fact existed as to whether definite term of employment existed precluding summary judgment in suit alleging breach of contract).
AFFIRMED.
COBB and PETERSON, JJ„ concur.