[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11355

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2007
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 02-00131 CV-1-MMP & 01-00058-CV-1-M

COST RECOVERY SERVICES LLC,
a Florida Limited Liability Company,

                                        Plaintiff-Appellant,

                    versus

ALLTEL COMMUNICATIONS INC., a Delaware
corporation authorized to do business in the State
of Florida,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 13, 2007)**

Before DUBINA and KRAVITCH, Circuit Judges, and COOGLER,* District
Judge.

_____
*Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama,
sitting by designation.

PER CURIAM:

Appellant Cost Recovery Services LLC ("CRS") appeals two judgments entered by the district court stemming from two breach of contract claims that were consolidated. First, CRS appeals the grant of judgment in favor of Appellee Alltel Communications, Inc. ("Alltel") regarding the claims raised in the first breach of contract action ("CRS I"). Second, CRS appeals the grant of summary judgment in favor of Alltel regarding the claims raised in the second breach of contract action ("CRS II").

For the reasons that follow, we affirm in part, reverse in part and remand for further proceedings.

## BACKGROUND

On March 7, 2000, CRS and Alltel entered into an agreement titled "Telephone Cost Recovery Agreement" ("the Agreement"), under which CRS would conduct audits of bills Alltel received from various vendors. CRS would "seek funds and/or credits for billing errors" and create "Future Savings Plans" in which it would identify ways to create future savings for Alltel. Alltel would compensate CRS for this service on a contingent fee basis, based on the refunds or savings to Alltel.

In December 2000, AT&T issued credits to Alltel on two accounts. Alltel did not pay CRS for these credits because it asserted that the two accounts were expressly excluded by the Agreement. The contract itself provided a space for the parties to write in accounts that were to be excluded from the scope of the audit; however, this space was left blank. In refusing to pay CRS, Alltel said that it had highlighted these accounts as being excluded on a spreadsheet it had given CRS during the March 7 meeting.

CRS then brought suit against Alltel for breach of contract for failure to pay compensation for the two accounts. During the course of discovery, CRS learned that AT&T had issued credits on ten other accounts. CRS then moved to amend its complaint to include these additional credits, arguing that they fell within the scope of the Agreement and thus CRS was entitled to compensation for them. Because the district court denied CRS's motion to amend its complaint, CRS then filed a second complaint alleging breach of contract for those additional ten accounts (CRS II). More than a year after the second complaint was filed, CRS filed a motion to consolidate the two cases, which the district court granted.

After the close of discovery, Alltel moved for summary judgment on the claims asserted by CRS in CRS II. The court granted the motion for summary judgment and later held a 2-day bench trial on the remaining CRS I claims. After

trial, the district court entered judgment in favor of Alltel on the CRS I claims, finding that the two accounts were excluded from the Agreement.

## ISSUES

1. Whether the parol evidence rule bars consideration of a spreadsheet listing accounts to be excluded from the Agreement.

2. Whether res judicata applies to bar CRS's second complaint.

3. Whether the district court erred in interpreting the contract.

4. Whether there was a genuine issue of material fact regarding the "other nine accounts" in CRS II.

5. Whether there was a genuine issue of material fact regarding the "176 account" in CRS II.

6. Whether the district court should have excluded a new theory and new evidence asserted for the first time in Alltel's reply brief supporting summary judgment and, if not, whether there was a genuine issue of material fact as to this theory.

## STANDARDS OF REVIEW

The interpretation of an unambiguous contract is a question of law, which this court reviews *de novo*. *Carriers Container Council, Inc. v. Mobile S.S. Assoc., Inc.*, 896 F.2d 1330, 1337 (11th Cir.1990). A district court's determination

4

that a contract is ambiguous is also reviewed *de novo*. *Id.* "If a district court determines that a contract is ambiguous and resorts to parol evidence in order to determine the intent of the parties, the court's determination of the parties' intent is one of fact and is subject to clearly erroneous review in this Court." *Id.*

"Questions of law raised by the application of res judicata are reviewed *de novo*." *In re Atlanta Retail, Inc.*, 456 F.3d 1277, 1284 (11th Cir. 2006).

This court reviews a district courts grant of summary judgment *de novo*, applying the same legal standard used by the district court and reviewing all facts and inferences in a light most favorable to the nonmoving party. *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

A district court's decision whether to exclude affidavits filed in support of a motion for summary judgment is reviewed by this court for an abuse of discretion. *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860, 863-64 (11th Cir. 2004).

**DISCUSSION**

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we first conclude that the parol evidence rule applies in this case to bar consideration of the spreadsheet with the accounts that were to be excluded. The contract is clear and unambiguous. The parties provided a space to write in accounts that were excluded. This space was left blank. No mention of any spreadsheet was ever made in the contract. Because the parties had an opportunity to exclude accounts by writing them in the space provided, but chose not to, it is unambiguous that no accounts were to be excluded from the audit. *See, e.g., McCaleb v. Nat'l Bank of Commerce of Pine Bluff*, 752 S.W. 2d 54, 58 (Ark. Ct. App. 1988) (finding that a guaranty agreement which left blank the space for limiting liability to a certain dollar amount was not ambiguous because the parties had the opportunity to fill in the blank); *Walton v. Datry*, 363 S.E.2d 295, 300 (Ga. Ct. App. 1987) (applying the parol evidence rule after finding that the failure to fill in a blank stating a maximum cost for roofing services meant that there was no maximum amount); *Schwarting v. Schwarting*, 310 N.W. 2d 738, 741 (N.D. 1981) (finding that because the contract provided space to list encumbrances, and no encumbrances were listed, the intention of the parties to

6

convey free of encumbrances was clear and "c[ould] not be said to be ambiguous").

Moreover, under Florida law, which controls this case, "if a contract provision is 'clear and unambiguous,' a court may not consider extrinsic or 'parol' evidence to change the plain meaning set forth in the contract." *Jenkins v. Eckerd Corp.*, 913 So.2d 43, 52 (Fla. Dist. Ct. App. 2005). A word or phrase is ambiguous "only when it is of uncertain meaning, and may be fairly understood in more ways than one." *Friedman v. Va. Metal Prods. Corp.*, 56 So. 2d 515, 517 (Fla. 1952). Thus, we are compelled to reverse the district court on this issue and remand this case to determine whether, and to what extent, CRS is entitled to compensation for the credits on the two CRS I accounts.

Because we conclude from the record that the district court properly interpreted the contracts's compensation provision and properly determined that *res judicata* does not bar CRS's second complaint, we affirm the court's disposition of those issues. Finally, however, we conclude that the district court erred in granting summary judgment. Alltell advanced two theories supporting summary judgment: the first in its motion for summary judgment and the second in its reply brief supporting summary judgment. Because the district court simply said that CRS did not create a genuine issue of material fact as to whether the

7

credits were the results of a billing error, it is unclear to us which theory the district court found persuasive. However, we conclude that under either theory, summary judgment is inappropriate because CRS presented a genuine issue of material fact as to the first theory and because CRS was not given a meaningful opportunity to respond to the second theory.

For the above-stated reasons, we affirm the judgments in part, reverse in part, and remand this case for further proceedings consistent with this opinion.

**AFFIRMED in part, REVERSED in part, and REMANDED.**